# Esther Hoover et al., Plffs. in Err., v. Joel Senseman.

Where the sale of land was at a specific price of $135 per acre, and the deficiency in the quantity paid for was 6 acres out of 56 acres sold,—Held, that the deficiency was too large not to be relieved against in equity.

(Decided May 17, 1886.)

Error to the Common Pleas of Cumberland County to review a judgment for plaintiff in an action of assumpsit. Affirmed.

The following is the first count in the narr. filed in this case:
"Esther Hoover and Benjamin Hoover, late of said county of Cumberland, defendants, were summoned to answer the said Joel Senseman, plaintiff in a plea of assumpsit for money had and received by mutual mistake, and therefore the said plaintiff . . . complains for that whereas the said defendants, on April 1, A. D. 1883, at the county of Cumberland aforesaid, were indebted to the said plaintiff in the sum of $1,000 lawful money of the United States, which said sum was had and received by said defendants of and from the said plaintiff by the mutual mistake of them, the said defendants and plaintiff in this, viz.: That the said defendants did sell at public outcry, and by their deed dated March 31, 1883, convey to said plaintiff a certain tract of land situate in Silver Spring township, said county, representing and believing that the said tract of land contained 56 acres and some perches, at the sum of $135 per acre, or the sum of $7,550; and the said plaintiff, relying upon and believing the representations of said defendants that the said tract of land did contain 56 acres and some perches as represented, did pay the full purchase money for the same to said defendants; and the said plaintiff alleges and avers that there are

NOTE.—Where money has been paid by a purchaser of real property under a mistake of fact to one not entitled thereto, a recovery back may be had. D'Utricht v. Melchor, 1 Dall. 428, 1 L. ed. 208; Clapp v. Pinegrove Twp. 138 Pa. 35, 12 L. R. A. 618, 20 Atl. 836; Cannell v. Smith, 142 Pa. 25, 12 L. R. A. 395, 21 Atl. 793; Reed v. Horn, 143 Pa. 323, 22 Atl. 877.

but 50 acres and 50 perches of land in said tract, and that the said defendants have had and received of and from the said plaintiff, by mutual mistake, the price of 6 acres at $135 per acre; which said mistake the said plaintiff hath requested the said defendants to correct, refund, and pay back to him, the said plaintiff, the said excess in price for said land so as aforesaid paid by said plaintiff. Yet the said defendants have refused and neglected, and do still refuse and neglect, to pay the same to the said plaintiff, to the great damage of the said plaintiff, to wit, in the sum of $1,000."

Defendants demurred, and the court entered judgment for the plaintiff on the demurrer for $810; whereupon defendants brought error.

*W. Penn Lloyd* and *Hepburn, Jr., & Stuart,* for plaintiffs in error.—Where there has been a sale, whether by the acre or by the tract, and the contract has been completed by deed and payment of the purchase money, the contract will not be opened; nor can there be a recovery for the excess. Coughenour v. Stauft, 77 Pa. 191.

Where there is a clear intent to sell by the acre, and the contract is still *in fieri,* the rule is to compel payment according to quantity. A survey is presumed to be intended. Bailey v. Snyder, 13 Serg. & R. 160; Paull v. Lewis, 4 Watts, 402; Hershey v. Keembortz, 6 Pa. 128.

But the intent to measure must be certain, equal to a stipulation; otherwise, in the absence of fraud, redress cannot be given to either party after the bargain is closed. Galbraith v. Galbraith, 6 Watts, 117.

The intention or stipulation must be to survey and convey. Glen v. Glen, 4 Serg. & R. 493.

Where the contract is executed by deed and bond, or other security taken for the unpaid purchase money, the rule is not to open a contract so far executed; nor can there be a recovery for an excess. Dagne v. King, 1 Yeates, 322; Boar v. McCormick, 1 Serg. & R. 168; Glen v. Glen, 4 Serg. & R. 488; Large v. Penn, 6 Serg. & R. 488; M'Dowell v. Cooper, 14 Serg. & R. 299; Dickinson v. Voorhees, 7 Watts & S. 353; Hershey v. Keembortz, 6 Pa. 128.

This rule as to the closing of the contract by deed holds, even when the contract was for a sale by the acre. Smith v. Evans, 6 Binn. 102, 6 Am. Dec. 436; Cronister v. Cronister, 1 Watts & S. 442; Farmers' & M. Bank v. Galbraith, 10 Pa. 490, 51 Am. Dec. 498. See Smith v. Evans, 6 Binn. 102, 6 Am. Dec. 436; Large v. Penn, 6 Serg. & R. 488.

*J. W. Wetzel,* for defendant in error.—Relief is granted in equity when there is an innocent mistake on both sides, as freely as in cases of a fraudulent concealment or suppression of facts. Mays v. Dwight, 82 Pa. 464.

In Jenks v. Fritz, 7 Watts & S. 203, 42 Am. Dec. 227, the mistake of the surveyor, misleading both vendor and vendee as to the quantity, was held a sufficient ground for relief.

In Miles v. Stevens, 3 Pa. St. 21, 45 Am. Dec. 621, the description of land as including the mouth of a creek was held to be a representation that a harbor was there; and when it was found that a harbor was not included relief was granted the vendee.

In Quick v. Stuyvesant, 2 Paige, 84, the vendee was compelled to reconvey, when land was not appropriated to the purpose for which it was conveyed.

A contract founded upon a mutual mistake of the facts, constituting the very basis or essence of it, will be avoided. Kerr, Fraud & Mistake, 416, and note.

All questions of this kind depend upon the contract and facts of each particular case. Bailey v. Snyder, 13 Serg. & R. 160. See Kreiter v. Bomberger, 82 Pa. 59, 22 Am. Rep. 750.

The judgment entered by the court on the demurrer was proper. Wyoming County v. Bardwell, 84 Pa. 104; Ruff v. Ruff, 38 Phila. Leg. Int. 72; Murphy v. Richards, 5 Watts & S. 279.

PER CURIAM:

The demurrer admits all the facts averred in the first count of the declaration. That avers the sale and purchase to have been at a specific price per acre, and through a mutual mistake, 6 acres more than was contained in the piece of land was sold,

bought, and paid for. In view of the price paid per acre—$135 —this is too large a deficiency not to relieve against in equity.

As the plaintiffs in error thus obtained money which they are not in equity entitled to retain, this action lies, and the judgment is correct.

Judgment affirmed.