## G. & I. HORTON v. W. M. HARBRIDGE.

ERROR TO THE COURT OF COMMON PLEAS OF ELK COUNTY.

Argued May 8, 1889—Decided May 27, 1889.

(a) Plaintiff made a contract with defendants to cut and skid timber at a certain price per thousand feet, the logs to be measured by Scribner's Rule. When the logs were cut and skidded, they were measured by the parties, the contract price paid and a receipt in full given. After some of the logs had been sawed, plaintiff, alleging a mistake against him in the measurement upon which he had settled, remeasured the unsawed logs and brought suit for the difference in the whole.

1. In such case, the mistake in the first measurement being shown, that measurement and the settlement thereon would not bar recovery in this action, and it was not error to charge the jury that if the plaintiff was to have the benefit of the mill measurement of the logs that had been sawed, he should be bound by that measurement of the logs unsawed and remeasured by him.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MITCHELL, JJ.

No. 214 July Term 1889, Sup. Ct.; court below, No. 15 January Term 1887, C. P.

On November 15, 1886, George and Isaac Horton, trading as G. & I. Horton, entered an appeal from the judgment of a justice of the peace against them in favor of William Har-

bridge. On February 5, 1887, the plaintiff Harbridge filed a declaration claiming to recover the balance due upon a contract with the defendants for cutting and skidding logs. Issue.

The facts of the case as shown on the trial on November 22, 1887, sufficiently appear in the charge to the jury, MAYER, P. J.:

On September 2, 1885, William Harbridge entered into articles of agreement with George and Isaac Horton, by the terms of which he undertook to cut and skid all the saw timber standing upon a certain tract of land situate in Spring Creek township. The trees were to be cut ten inches and over at the stump, and cut in lengths from 8 to 16 feet, as the straightness of the tree would permit. The logs were to be scaled on the skidways by both parties according to Scribner's Rule, one eighth off. The Hortons were to pay Mr. Harbridge the sum of $2.25 per thousand feet, for all logs cut and skidded under this contract. In pursuance of the terms of the contract, Mr. Harbridge went upon this tract of land, cut and skidded a quantity of saw logs amounting, according to the scale made upon the skidways, to 205 thousand and some hundred feet, which were settled for by the Messrs. Horton on April 10, 1886, and a receipt taken in full for the amount which was claimed to be due by Mr. Harbridge under this contract.

This settlement and scalement would be binding upon Mr. Harbridge, unless the evidence in the case shows that there was a clear mistake made in regard to the scalement of the logs. And the burden of proof is thrown upon Mr. Harbridge to establish to the satisfaction of the jury that there was a mistake in the scalement of the logs. By the terms of the contract, the scalement was to be made by both parties by Scribner's Rule, one eighth off. This mode having been designated by both parties when the contract was made, they would be bound by the scalement, unless the evidence shows that there was a clear mistake made in regard to the scalement.

It is alleged on the part of Mr. Harbridge, that a mistake was made in the scalement of the logs and, for the purpose of showing this mistake, he alleges that the logs that were sawed out upon the mill exceeded in quantity the amount that was scaled in the woods. He claims that a portion of these logs,

sawed out in 1886, amounted to 175 thousand and some hundred feet, and the balance of the logs were sawed during this year, amounting to 127 thousand and some hundred feet, making a total of over 303 thousand and some hundred feet. And this suit has been brought by him to recover the difference between the scalement made in the woods and what the lumber turned out upon the mill.

He also alleges that he had a scalement made of what remained on the skidways that were not sawed in 1886, by Mr. Zimmerman; that Mr. Zimmerman's scalement amounted to 155 thousand some hundred feet, and that the logs that were measured by Mr. Zimmerman, when sawed upon the mill, only turned out 127 thousand some hundred feet. So, if the jury come to the conclusion that there was a mistake made in the scalement of the logs sawed out upon the mill, we think it is nothing more than fair and right that the plaintiff should be bound by the saw bill with reference to those in the woods measured by Mr. Zimmerman, as well as those sawed on the mill in 1885 [7 ?] because if he wishes to bind the defendant by the saw bill, saw measurement, of the logs in 1886, there is no reason why Mr. Harbridge should not be bound by the same mode in determining the quantity of those logs; for, according to the testimony, the saw measurements rarely ever amount to as much as the scalement made in the woods, there is a falling short. [So, if you come to the conclusion under the evidence that there was a clear mistake made in the measurement of the logs, then you determine that from the amount that was sawed upon the mill, both in 1886 and 1887.] [3]

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

We have been requested by defendants to instruct you as follows:

1. That the contract between the parties dated September 2, 1885, prescribed the manner in which the amount of logs in question was to be ascertained, and that if the jury believe that the parties or their agents scaled said logs on the skidways with Scribner's Rule, one eighth off, and that defendants paid the plaintiff at the rate of $2.25 per thousand feet therefor, that the plaintiff cannot recover.

Answer: That would be so, unless the evidence satisfies you that there was a clear mistake made in the scalement of

the logs upon the skidways; then the plaintiff would not be bound by the scalement made in the woods according to the terms of the agreement.[1]

2. That the amount of logs in question must be ascertained by a scale in accordance with the terms of the contract between the parties, dated September 2, 1885, regardless of the amount of lumber manufactured therefrom.

Answer: This would be so, unless, as we have already stated to you, the evidence satisfies you that a clear mistake was made in the scalement of the logs on the skidways, as provided by the terms of the contract.[2]

The jury returned a verdict for the plaintiff for $261.75. A rule for a new trial having been discharged, judgment was entered on the verdict, when the defendants took this writ, assigning for error:

1, 2. The answers to defendant's points.[1] [2]

3. The part of the charge included in [ ] [3]

*Mr. John G. Hall* (with him *Mr. C. H. McCauley*), for the plaintiffs in error.

*Mr. W. W. Barbor* (with him *Mr. N. T. Arnold*), for the defendant in error.

PER CURIAM:

The only assignment of error pressed upon the argument at bar, was the third. It alleges that the learned judge below erred in saying to the jury that "If you come to the conclusion, under the evidence, that there was a clear mistake made in the measurement of the logs, then you determine that from the amount that was sawed upon the mill, both in 1886 and 1887."

The plaintiff below had contracted with the defendants to cut into saw logs and skid on skidways, a certain amount of timber; the said logs to be scaled by Scribner's Rule. After the work was all done and paid for, the plaintiff alleged that a mistake had been made in scaling the logs; that they amounted to much more in quantity than had been returned. This suit was brought to recover the difference, and the point to which the above language of the court referred, was the mode of as-

certaining the true quantity of logs. A large amount of them had been sawed at the mill, and of course could not be re-scaled. As to such, the only means of ascertaining the quantity was by the saw measure. The court below held, that if the plaintiff was to have the benefit of the saw measure, it was only right that he should be held to the same measure as to those in the woods which had not been sawed. This clearly appears in that portion of the charge which immediately precedes the language quoted in the assignment of error. The learned judge charged, that "if the jury come to the conclusion that there was a mistake made in the scalement of the logs sawed out upon the mill, we think it nothing more than fair and right that the plaintiff should be bound by the saw bill with reference to those in the woods measured by Mr. Zimmerman, as well as those sawed on the mill in 1885 [7 ?], because if he wishes to bind the defendant by the saw bill, saw measurement of the logs in 1886, there is no reason why Mr. Harbridge should not be bound by the same mode in determining the quantity of those logs; for, according to the testimony the saw measurements rarely ever amount to as much as the scalement made in the woods, there is a falling short." Then follows, as before stated, the few lines of the charge quoted as error. This furnishes an apt illustration of the effect of severing three or four lines of a charge from its connection. The plaintiff was the only person who could with reason complain of this ruling of the court; it could certainly have done the defendants no harm.

Judgment affirmed.