# Bannister *v.* Spring Garden Mutual Fire Insurance Company, Appellant.

*Insurance—Fire insurance—Mutual companies—Assessments—Forfeiture.*

Where an owner of three farms has three separate policies of mutual fire insurance on the buildings on each of the farms, and has ignorantly paid assessments improperly levied by the company upon two of the policies after the property covered by the policies had been sold, and

the company has then in its hands sufficient funds of the insured to cover a later assessment on the third policy, such funds are applicable to the payment of such assessment, and the company cannot claim after the property covered by the third policy had been destroyed, that such policy had been forfeited for nonpayment of the assessment.

Argued March 13, 1912.   Appeal, No. 28, March T., 1912, by defendant, from judgment of C. P. York Co., Aug. T., 1911, No. 116, for plaintiff on case stated in suit of Maggie H. S. Bannister v. Spring Garden Mutual Fire Insurance Company of York County, Pennsylvania.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY and HEAD, JJ.   Affirmed.

Case stated to determine liability upon a policy of fire insurance.

WANNER, J., filed the following opinion:

The plaintiff, being the owner of three farms, insured the buildings on the same, under three separate policies in the Spring Garden Mutual Fire Insurance Company. After she had sold two of the properties, the defendant company collected from her an assessment of $36.22, which was levied on the three premium notes accompanying said policies.   One of these policies had expired, as a consequence of said sales before the beginning of the loss period covered by the assessment, and another during the running of said period.   The third was in force during the entire period.   It is admitted that said assessment was $20.06 in excess of what was legally collectible from the plaintiff, by assessment, at that time.

The notice of said assessment served upon the plaintiff, did not state upon which of the plaintiff's policies or premium notes, the assessment was laid, though it gave the total amount of her assessment, and the rate per cent, at which it was levied.

On October 1, 1909, another assessment of $25.15 was levied by the company, which was payable in thirty days after notice to the insured.   Upon its face it purported to

be levied on one premium note only, but according to the case stated, it included not only the one still in force, but also a policy on one of the properties which had been sold by the plaintiff before the assessment period began. The amount assessed on the policy still in force was $12.32, and that assessed upon the policy which expired at the sale of the property, was $12.83. For the latter the plaintiff was clearly not liable: Wilson v. Trumbull Mut. Fire Ins. Co., 19 Pa. 372.

This assessment of $25.15 was never paid by the plaintiff. On August 27, 1910, while the plaintiff was thus in arrears, and indebted to the company for said assessment, her buildings on the remaining farm were destroyed by fire, entailing a loss of $2,300. The defendant company refuses to pay this loss, on the ground that the nonpayment of said assessment worked a forfeiture of plaintiff's policy, under a provision therein contained, that the insured should forfeit her right to recover for losses sustained by her, while in arrears and indebted to the company for an assessment, or any part of an assessment, levied under said policy.

The plaintiff contends that no forfeiture resulted from said nonpayment, (1) because of the fact that the company then had in its hands a sufficient sum of the plaintiff's money which had been erroneously paid to it on the former excessive assessment, to pay the correct amount due on the second assessment, viz.: 5 per cent on her premium note of $246.25, to wit: $12.32.

2. Because the second assessment being largely in excess of the sum legally collectible on the plaintiff's only surviving policy, and having been illegally levied upon a policy which was not in force during any part of the assessment period, said assessment was an illegal and invalid one, for the nonpayment of which no forfeiture resulted.

Forfeitures are not favored in the law, and the facts and circumstances of each case should clearly justify a forfeiture, before one is declared. The law seems to be

definitely settled that no forfeiture should result from the nonpayment of an illegal, excessive or fraudulent assessment, or of one which was arrived at on an unauthorized basis of calculation, as by wrongfully including or excluding any of the policies or premium notes of the insured: Susquehanna Mut. Fire Ins. Co. v. Tunkhannock Toy Co., 15 W. N. C. 306; Thropp v. Susquehanna Mut. Fire Ins. Co., 125 Pa. 427; Susq. Mut. Fire Ins. Co. v. Stauffer, 125 Pa. 416; Susq. Mut. Fire Ins. Co. v. Gackenbach, 115 Pa. 492; Rosenberger v. Washington Fire Ins. Co., 87 Pa. 207; Sparks v. Vitale, 44 W. N. C. 150 (cited in 19 Cyc. 615). See also text and cases cited in 21 Am. & Eng. Ency. of Law (2d ed.), 289; Hartford Ins. Co. v. Hyde, 101 Tenn. 396 (48 S. W. Repr. 968); Mut. Reserve Fund Life Assn. v. Taylor, 37 S. E. Repr. 854.

Here, the amount claimed was greatly in excess of what was collectible under the only policy which plaintiff held in the defendant's company during the assessment period, viz.: $25.15 instead of $12.32. The payment of a previous similar assessment does not preclude the insured from questioning the validity of an assessment because it is in excess of what was legally assessable under the policy: Duggans v. Mut. Life Assn., 87 Ill. App. 415.

This assessment was in part illegally levied upon the premium note of a policy, which had expired prior to the happening of any of the losses assessed against it. That portion was therefore clearly uncollectible. These facts and circumstances bring this assessment within the invalid class for the nonpayment of which no forfeiture accrues: Weikel v. Lower Prov. Live Stock Ins. Co., 3 Montg. County, 207; Susquehanna Mut. Fire Ins. Co. v. Tunkhannock Toy Co., 15 W. N. C. 306; Seyk v. Millers' Nat. Ins. Co., 41 N. W. Repr. 443.

No tender of that portion of it which was properly assessable, was necessary to preserve the plaintiff's right to recover on her policy, or to prevent a forfeiture thereof: Willcuts v. Ins. Co., 81 Ind. 300–312.

The defendant contended that, as the payment of the

first excessive assessment was a purely voluntary one, on the part of the plaintiff, the excess would not be recoverable by her, and that the company is not, therefore, bound to appropriate it to the payment of the second assessment. But the rule against the recovery of a voluntary payment, has been somewhat relaxed, especially in cases of ignorance or mistake, as to material facts attending it. To prevent the recovery of a mispayment, it must appear that all the material facts connected with the transaction were fully known to the payor at the time of the payment. Here, there is no allegation in the case stated, that the plaintiff knew when she paid the first assessment that it covered all three of her policies during the whole of the assessment period. As before observed, the notice of assessment did not specifically state upon which, or upon how many, of the plaintiff's premium notes it was laid, or for what portions of the assessment period respectively, though on its face, it seemed to refer to one only. In the absence of any more specific allegations on the subject, it does not sufficiently appear in the case stated that the plaintiff had such full knowledge of the nature and extent of said assessment, as would defeat her right to recover the excess paid by her, or to have it applied to the second assessment: 22 Am. & Eng. Ency. of Law, 621–624 and cases: Com. v. Ins. Co., 6 Pa. Dist. Rep. 371; Meredith v. Haines, 14 W. N. C. 364.

If that excess in the company's hands is the plaintiff's money, it would be applicable to the payment of the second assessment, under the ruling in the Girard Life Ins. Annuity & Trust Co. v. Mut. Life Ins. Co., 97 Pa. 15, where it was held, that dividends in the hands of an insurance company, payable to the insured, were applicable to the payment of his assessment, and prevented a forfeiture of his policy for nonpayment of the same. See also Matlack v. Bank, 180 Pa. 360, 388; Murray v. Iron Hall, 9 Pa. Superior Ct. 89.

For the reasons above stated, we are of the opinion that the plaintiff is entitled to recover the amount stip-

50 BANNISTER *v.* FIRE INSURANCE CO., Appellant.

Opinion of Court below—Opinion of the Court. [50 Pa. Superior Ct.

ulated in the case stated, viz.: $1,150, with interest from November 16, 1910.

Now, to wit, November 27, 1911, judgment is entered in favor of the plaintiff, and against the defendant, for the sum of $1,221.30, with costs of suit.

*Error assigned* was in entering judgment for plaintiff on case stated.

*Allen C. Wiest*, with him *J. W. Gitt*, for appellant.

*Henry C. Niles*, with him *J. Edgar Small* and *Michael S. Niles*, for appellee.

PER CURIAM, April 15, 1912:

The questions involved in this appeal, especially the question whether or not the excess payment made by the plaintiff is to be regarded as a voluntary payment, cannot be said to be wholly free from difficulty, and we appreciate the force and plausibility of the argument of appellant's counsel upon them. But, upon full consideration of the legal and equitable principles applicable to the facts agreed upon, taken as a connected whole, and the thorough and satisfactory arguments pro and con presented by counsel of both parties, we conclude that the case was correctly decided in the plaintiff's favor. The reasons which impel us to this conclusion are well expressed in the opinion rendered by Judge WANNER. We deem it unnecessary to add anything thereto, except to say that we cannot find that the decision imports into the case any fact which is not fully embraced in the case stated, or does not accord to any fact thus embraced its full significance.

The judgment is affirmed.