# Bellevue Realty, Savings & Trust Co., Appellant, v. Monongahela River Consolidated Coal & Coke Co.

*Taxation—Corporations—Four mills tax—Tax on capital stock —Deduction of tax from coupons.*

In an action by a trust company against a coal company to recover on forty interest coupons for the years 1913, 1914 and 1915,

on bonds of the coal company owned by the trust company, an affidavit of defense to a portion of the claim is sufficient, which admits liability of $716, but avers that for the three years in question plaintiff had not paid the tax to the State on its capital stock, that therefore the bonds were not exempt from the State tax of four mills, that when the 1915 coupons were presented for payment, defendant deducted the four mills tax so as to pay it over to the State, that defendant paid the 1913 and 1914 coupons in full without being informed or knowing, or having means of knowing that plaintiff had not paid the taxes due by it on its capital stock to the Commonwealth.

In such a case defendant was entitled to deduct the four mills tax on the 1915 coupons and pay it to the State, and was also entitled to reimburse itself out of the fund claimed for the four mills tax on the 1913 and 1914 coupons which it had paid, or was bound to pay to the State.

Argued May 1, 1917. Appeal, No. 37, April T., 1917, by plaintiff, from order of C. P. Allegheny Co., July T., 1915, No. 399, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Bellevue Realty Savings & Trust Co. v. Monongahela River Consolidated Coal & Coke Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed

Assumpsit on coupons.

Rule for judgment for want of a sufficient affidavit of defense.

MACFARLANE, J., filed the following opinion:

The plaintiff (a corporation under the title insurance section (19) of the Act of April 29, 1874, P. L. 73, 1 Purdon, 774, and the Act of June 1, 1907, P. L. 382, 5 Purdon, 6094) brought suit on forty interest coupons, for thirty dollars each, due April 1, 1915, from bonds owned by it issued by the defendant. The affidavit of defense admitted $716, for which judgment was taken. On this rule for judgment for want of a sufficient affidavit of defense the question is raised as to the defendant's right to assess and deduct the State tax of four

mills amounting to $160 a year from the years 1913, 1914 and 1915.

The affidavit is that for the years 1913, 1914 and 1915 the plaintiff chose or elected not to pay from its general fund or to collect from its stockholders and pay the tax on or before the first day of March, 1915, and did not pay it, and therefore the bonds are not exempted but are subject to the State tax of four mills under the Act of June 7, 1879, and its supplements, and the defendant's treasurer on April 5, 1915, when the 1915 coupons were presented, assessed the four mills tax and deducted and will return it to the State treasurer; in 1913 and 1914 the interest was paid in full to the plaintiff whereby the defendant became liable to the State for the tax and on demand by the Commonwealth in December, 1914, it paid the $160 tax for 1913; it has not yet paid the tax for 1914, but it is liable for and will pay it; but at the time of the payment of interest in full (December, 1913 and 1914) "The defendant was not informed, did not know and had no means of knowing that the plaintiff company had so as aforesaid elected not to pay or had failed and neglected to pay the taxes from it due and by it payable to the Commonwealth."

It is conceded by counsel for the plaintiff that prior to the Act of June 17, 1913 (P. L. 507, 7 Purdon, 7613), plaintiff not having paid its capital stock tax before March 1st, the defendant had a right to assess and deduct the State tax. The Act of June 30, 1885 (P. L. 194, 4 Purdon, 4544), requires the treasurer of a corporation, upon the payment of any interest on any bond issued by it, to assess the tax provided for State purposes and report and return it into the State treasury within fifteen days after the 31st day of December in each year, under penalty of an additional ten per cent. This act makes the treasurer of a corporation the collecting agent of the State. The Act of June 13, 1907 (P. L. 640, 7 Purdon, 7624), requires trust companies to make a report to the auditor general on or before June 20th on its shares of

capital stock and their actual value which are to be assessed by the auditor general for taxation at five mills, provided that of the company shall collect from the shareholders or from its general fund the tax of five mills and pay the same into the State treasury on or before the first of March, its shares and so much of the capital stock, surplus and deposits of such company as shall not be invested in real estate shall be exempted from all further taxation under the laws of this Commonwealth. This the plaintiff did not do and was therefore not exempt.

The Act of June 8, 1891 (P. L. 229, 4 Purdon, 4532), imposes a four mill tax on bonds of corporations owned by the plaintiff. The plaintiff's position is that the Act of 1913 is a general revenue or taxation act creating a uniform system by section 17, and is the only statute imposing a tax on the bonds and that the proviso of section 17 excludes from its operation any corporation which is liable to a capital stock tax. The act makes no provision for capital stock tax and does not repeal the former acts on that subject, and by section 18, it expressly preserves the manner of collection of taxes for State purposes imposed upon obligations of private and public corporations. The plaintiff could secure exemption from the tax imposed by section 17 by payment on or before March first but, not having done so, it was the duty of the defendant as the debtor corporation to retain the tax, unless the contention of the plaintiff is correct that the proviso of section 17 exempts the plaintiff. We cannot agree with that construction. After imposing the tax of four mills for county purposes, section 17 provides that bonds issued by every private corporation are made taxable at the rate of four mills for State purposes, provided "that corporations, limited partnerships and joint associations, liable to tax on capital stock for State purposes, shall not be required to pay any further tax under this section on the mortgages, bonds and other securities owned by them in their own right," and provided

that none of the property made taxable for State purposes shall be taxable for county, school or other local purposes. This section imposes no further liability upon corporations liable to a capital stock tax, and no further tax is levied. There was a similar provision in the Act of June 7, 1907 (P. L. 430, 7 Purdon, 7621), to the effect that a corporation liable to capital stock tax shall not be required to pay any further tax on the mortgages, bonds and other securities owned by them and in which the whole body of stockholders have the entire equitable interest in remainder, and in the Act of June 8, 1891 (P. L. 235, 4 Purdon, 4549), requiring a corporation to report to the auditor general its capital stock, the proviso is that corporations liable to tax on capital stock shall not be required to make any report or pay any further tax on the mortgages, bonds and other securities owned by them in their own right, and other taxation acts have similar provisos nevertheless the only way in which such corporations could secure the exemption was by the method provided in the Act of 1885 and the similar provisions in similar acts, viz: the payment on or before March 1st.

In Commonwealth v. Clairton Steel Company, 222 Pa. 293, the company's bonds were held by various institutions, all of which had paid the tax into the State treasury before March 1st, except one bank, and, in holding that by payment on or before the first of March the bonds were exempt, the court held that by the proviso that a report for the purpose of taxation and payment of taxes is not required is meant that exemption from all further taxation follows the payment of the four mill tax. In Commonwealth v. Clairton Steel Company, 229 Pa. 246, a bank owning bonds issued by the steel company failed to make payment of the capital stock tax within the time required to gain exemption, and the steel company was held liable for the tax where it had failed to deduct it from the interest, notwithstanding the provisions above referred to to the effect that corporations liable on capital stock were not liable to any further tax.

We are of opinion that the Act of 1913 does not affect the liability of the defendant.

The defendant is entitled to deduct $160 with interest from the plaintiff's claim, but there remains the question whether it is a defense on the two items of $160, taxes for 1913 and 1914, for which it is liable to the Commonwealth and which it failed to deduct when paying plaintiff's interest.

The plaintiff claims that the payment of the full amount of interest was voluntary and the payment to the State treasurer was a penalty imposed by the State for failure to collect the same and this defendant cannot now recoup itself and further that set-off cannot be allowed for taxes for which the plaintiff is still liable. There is apparent injustice in this proposition. The payment by defendant was in relief of the plaintiff. The act of assembly does not give the defendant a right of action, but as it is required to retain the tax, it made an overpayment to plaintiff in ignorance of the plaintiff's failure to report and pay upon its capital stock. Can the plaintiff now have the advantage of its own neglect or failure to inform the defendant and shall the defendant be visited with the consequences of its failure to make inquiry and the plaintiff thus escape its liability to the Commonwealth at the defendant's expense? We think not. It is not important whether this is a claim of set-off or not. The defendant is entitled to a credit for the money on the ground that it was paid under a mistake of fact and that the payment to the State was compulsory by reason of plaintiff's own fault and thus the debt for which it was primarily liable was extinguished: Girard Trust Co. v. Harrington, 25 Pa. Superior Ct. 615; Meredith v. Haines, 14 W. N. C. 364 (Supreme Court). We cannot see that it is material whether the tax for 1914 has yet been paid by the defendant to the State treasurer. Counsel in his brief says that it has. If so he may amend the affidavit of defense. But, as it now stands, the rule should be discharged.

149, (1917).] Assignment of Error—Opinion of the Court.

June 6, 1916, rule for judgment discharged.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Owen S. Cecil,* for appellant.

*T. A. Miller,* with him *Don Rose,* for appellee.

OPINION BY HEAD, J., October 8, 1917:

In the court below a rule was taken to show cause why a judgment in favor of the plaintiff for the entire amount of its claim should not be entered for want of a sufficient affidavit of defense.

As to a portion of the claim no defense was set up and a judgment for that amount properly followed. As to the remaining portion of the claim, the court below discharged the rule for judgment and the plaintiff appeals from the order so made. The questions raised by the statement and affidavit of defense are interesting and involve an examination of a number of statutes. The opinion filed by Judge MACFARLANE discharging the rule appears to us to exhibit convincing reasons why the plaintiff's case was not of the character to entitle it to a summary judgment.

We are in accord with the conclusion reached, and, generally speaking, with the reasons that support it. It is not necessary to here repeat or elaborate them. The assignments of error are overruled, and the order discharging the rule for judgment is affirmed and the record remitted to the court below with a procedendo.