# The Greenwich Bank *v.* Commercial Banking Corporation, Appellant.

*Banks and banking—Checks—Invalid check—Subsequent satisfaction—Money paid on mistake of fact.*

Where one has in his hands money which in equity and good conscience belongs and ought to be paid to another, an action for money had and received lies for the recovery thereof. No privity of contract is necessary to sustain this action for the law, under these circumstances, implies a promise to pay.

Negligence in making a mistake does not deprive a party of his remedy on account thereof; it is the fact that one by mistake unintentionally pays money to another to which the latter is not entitled from the former, that gives the right of action.

A bank which pays out money on a mistake of fact, due to ignorance of the correct status of a check drawn on it, is entitled to recover, especially where the defendant is protected and will sustain no damage.

Argued November 11, 1924.   Appeal, No. 179, Oct. T., 1924, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1921, No. 246, on verdict for plaintiff in the case of The Greenwich Bank v. Commercial Banking Corporation.   Before ORLADY, P. J., PORTER,

HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Foreign attachment in assumpsit. Before STERN, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of plaintiff. Defendant appealed.

*Error assigned* was, among others, refusal of defendant's motion for judgment non obstante veredicto.

*William Potter Davis, Jr.,* for appellant.—The plaintiffs having brought the suit in their individual name can only recover if the facts disclose a payment under a mistake of fact: Sentinel v. Long, 28 Pa. Superior Ct. 608; German Bank v. Farmers' Bank, 118 Pa. 314; Riverside Bank v. First National Bank, 74 Fed. 276; Boyleston v. Richardson, 101 Mass. 287; National Bank v. Berrall, 70 N. J. 757; Spokane v. Huff, 33 L. R. A. (N. S.) 1023; Pepperday v. Bank, 183 Pa. 526; Preston v. Bank, 23 Fed. 179; Consolidated v. Bank, 114 N. Y. Supp. 308.

*Julius C. Levi,* and with him *Alvin L. Levi* and *David Mandel, Jr.,* for appellee.—Recovery for money had and received under a mistake of fact is not barred for want of privity of contract or negligence where the party sued has not thereby been prejudiced: Donner v. Sackett, 251 Pa. 524; Bogart et al. v. Nevins et al., 6 S. & R. 361; Meredith v. Haines et al., 14 W. N. C. 364; Merchants Bank v. Superior Candy & Cracker Co., 41 Wash. Rep. 653; Vol. 3 Williston on Contracts, sec. 1574; Humbird v. Davis, 210 Pa. 311, at page 319; McAvoy v. T. I. & T. Co., 27 Pa. Superior Ct. 276, 277; Wilson & Co. v. Smith, 44 U. S. 763.

OPINION BY KELLER, J., February 27, 1925:

On April 24, 1920, J. G. Berner was indebted to the defendant, Commercial Banking Corporation, in the sum of at least $1,787.70. On that date he sent defendant his check, No. 119, for that amount drawn on the plaintiff, The Greenwich Bank of New York, of which he was a depositor. Defendant duly deposited this check in the Third National Bank of Philadelphia, which forwarded it for collection to the Seaboard National Bank of New York, which, in turn, presented it for payment through the New York Clearing House to the Greenwich Bank. Payment was refused for want of sufficient funds, of which notice was duly given the defendant payee. Berner was advised that his check was unpaid and he thereupon sent defendant a check for $1,000, drawn by a customer to his order, duly endorsed, and his own check No. 127 for $787.70 drawn on the plaintiff bank, which two checks, it is admitted, were given defendant in substitution for the original check No. 119 of $1,787.70. These two checks were at once deposited by defendant to its credit in bank and in due course were paid. In the meantime defendant had ordered the Third National Bank of Philadelphia to present the original Berner check (No. 119) a second time. It was forwarded through the same channels as before and presented for payment to the Greenwich Bank through the Clearing House. When presented, Berner had to his credit in the bank only $21.31 and the balance to his credit has never since that time exceeded that amount, so that the check for $787.70, (No. 127), must have been paid before the first check, (No. 119), was presented the second time. On its second presentation the plaintiff bank refused to pay the check for want of sufficient funds, but through an error of one of its clerks the check was not returned to the Seaboard National Bank but was sent to the Federal Reserve Bank of New York. It, in turn, forwarded the check to the Federal Reserve Bank of Philadelphia, which refused to deliver it to the Third National Bank

of Philadelphia, and the check was eventually returned to the plaintiff bank which sent it to the Seaboard National Bank; but as under the rules of the New York Clearing House the check had not been returned to the Seaboard Bank within the time limited by said rules the said bank demanded payment of the check and the plaintiff bank was obliged to pay it out of its own funds. The result of the several transactions was that the defendant was twice paid. It was paid the full amount of the checks given by Berner in substitution of the original check, No. 119, and in addition, due to the error of the plaintiff bank, and the bank's want of full knowledge of the facts, as hereinafter referred to, it also received payment of the original check, No. 119, which should have been withdrawn by defendant immediately upon receipt of the checks given in substitution for it; and this later payment was made, not by Berner but by the plaintiff bank, out of its own funds.

When these facts were disclosed the plaintiff bank demanded of the defendant the return of the $1,787.70 paid by it on account of the original check, No. 119, and upon defendant's refusal to pay issued this foreign attachment in assumpsit. On the foregoing evidence the trial judge directed a verdict for the plaintiff and subsequently refused defendant's motion for judgment non obstante veredicto. Defendant appealed, and assigns this action as error.

As we view it, three things contributed to bring about the double payment which defendant has received. First, the error of the plaintiff bank; second, the failure of defendant to withdraw the check from collection, on receipt of the checks given in substitution for it; third,—growing out of such failure,—the ignorance of the several banks, parties to such payment, as to the true state of facts respecting check No. 119, and its virtual satisfaction by payment of the checks given in substitution for it. The Greenwich Bank acted under the belief that it was dealing with a live and valid check of Berner's in-

stead of one that had been discharged by payment. It was ignorant of the check's true status at the time payment was made by it. The payment by the Greenwich Bank was, therefore, made under a mistake of fact, which, moreover, did the defendant no harm. The defendant is in possession of money of the plaintiff which in good conscience it is not entitled to keep and the law requires its return.

It is of no moment that no privity of contract existed between the plaintiff and defendant. "Where one has in his hands money which in equity and good conscience belongs and ought to be paid to another, an action for money had and received will lie for the recovery thereof. No privity of contract is necessary to sustain this action, for the law, under these circumstances, implies a promise to pay": McAvoy & McMichael v. Com. Title Ins. & Trust Co., 27 Pa. Superior Ct. 271; Humbird v. Davis, 210 Pa. 311, 319, 320.

Nor does it matter that the negligence of the plaintiff contributed to the double payment. "Negligence in making a mistake does not deprive a party of his remedy on account thereof; it is the fact that one by mistake unintentionally pays money to another to which the latter is not entitled from the former, that gives the right of action": Kunkel v. Kunkel, 267 Pa. 163, 169; Meredith v. Haines, 14 W. N. C. 364, 366. Especially so, in view of the fact that the defendant will sustain no damage if compelled to repay the money: Donner et al. v. Sackett, 251 Pa. 524, 528; nor be placed in a worse condition than if the money had not been paid: Girard Trust Co. v. Harrington, 23 Pa. Superior Ct. 615, 620; Union Trust Co. v. Gilpin, 235 Pa. 524, 529; Potter v. L. V. R. R. Co., 80 Pa. Superior Ct. 237, 240.

In this view of the case the first assignment of error is immaterial. The others are overruled. The judgment is affirmed.