Brown, Appellant, v. Johnson.

Argued October 5, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Louis Levinson*, and with him *Isaac D. Levy* and *Benjamin M. Golder*, for appellant.

*John P. Berry*, for appellee.

Opinion by Cunningham, J., December 16, 1932:

Appellant was plaintiff below in an action of assumpsit to recover $700.85 which he alleged defendant had received from him but, in equity and good conscience, was bound to return. Defendant, in his affidavit of defense, admitted having received the money and endeavored to justify its retention. The court below discharged plaintiff's rule for judgment for want of a sufficient affidavit of defense and we now have his appeal.

These material facts are averred by plaintiff: In May, 1927, the parties entered into a written contract under the terms of which defendant agreed to build for plaintiff, by September 1, 1927, and for the consideration of $8,000 "a brick and shingle residence, with garage in cellar, from the attached specifications and plans," upon a designated lot in the City of Altoona. The contract expressly provided that "all paving, curb, sewer and water frontage and sidewalks, in front of the house, [were] included in the contract price." Defendant was paid the full consideration of $8,000 by November 18, 1927, but failed and neglected to pay certain paving charges assessed by the city. A lien was filed against the property for these charges which with penalties, costs and interest to October 30, 1931, amount to $700.85. Upon defendant's refusal to return out of the money received by him the amount necessary to satisfy this lien, the present action was instituted.

Defendant admits, in his affidavit, that he received through plaintiff's attorney the full consideration specified in the contract and admits he did not pay, and does not intend to pay, the paving charges. The principal ground upon which he attempts to justify withholding the amount sued for is, as we understand his affidavit, that plaintiff's attorney, in making the final settlement, should not have given him the entire

balance of the $8,000 but should have first paid the lien out of plaintiff's money. Defendant admits that the final payment made him was "excessive" by the amount of the "undischarged lien," and avers that in making this payment plaintiff's attorney "negligently acted under a mistaken belief that he [the attorney] had duly discharged all liens against the said property."

By way of explanation, defendant avers he had previously made similar settlements with the same attorney, when acting for clients other than plaintiff; that it was the attorney's custom to pay off "liens of all kinds against the property and then pay over to defendant the balance of the contract price;" and that in accepting the overpayment in this instance he was relying "on the superior knowledge" of plaintiff's attorney.

The grounds upon which the court below discharged the rule for judgment are thus stated in its opinion: "The statement of claim shows no present damage to the plaintiff. It appears to the court that until the plaintiff has satisfied the lien he can show no damage, and that his action for recovery in money paid by him which should have been paid by the defendant cannot be brought until the payment has actually been made. 41 Corpus Juris, 21: 'The action may not be brought until the payment sought to be recovered, in whatever form it may be, has actually been made.' "

We think the writer of the opinion misconceived plaintiff's cause of action and erroneously applied a principle of law applicable to an action for "money paid" to a suit for "money had and received." The citation in the opinion is under a heading describing the "conditions precedent" to the bringing of an action for "money paid by one for the use or benefit of another to a third party." Plaintiff did not declare for money thus paid, but for money in defendant's hands

which in equity and good conscience he ought to pay back to plaintiff.

Where one has such money in his hands, it has been established beyond question that an action for "money had and received," based upon the implied promise to pay, will lie for the recovery thereof. Defendant's averment of negligence, on the part of plaintiff's attorney, in making the overpayment does not help him. In Greenwich Bank v. Commercial Banking Corporation, 85 Pa. Superior Ct. 159, 163, this court said: "Nor does it matter that the negligence of the plaintiff contributed to the double payment. 'Negligence in making a mistake does not deprive a party of his remedy on account thereof; it is the fact that one by mistake unintentionally pays money to another to which the latter is not entitled from the former, that gives the right of action': Kunkel v. Kunkel, 267 Pa. 163, 169; Meredith v. Haines, 14 W. N. C. 364, 366."

Another defense pleaded under the head of "New Matter," is to the effect that defendant retained the overpayment until October 1929, when he made an assignment for the benefit of his creditors under the provisions of the Act of June 4, 1901, P. L. 404, 39 PS §1, but, "because of the negligent mistake" of plaintiff's attorney did not then know of the existence of plaintiff's claim and "hence was prevented from taking advantage of §35 [of the act cited] entitling him to an exemption from execution for seven years from the time of the granting of the order for any cause of action existing previous to the assignment." The material portions of the section read: "Whenever a majority in number and value of the creditors of an insolvent, who has made a voluntary assignment for the benefit of his creditors, shall consent in writing thereto, it shall be lawful for the court, upon application of such debtor, and notice thereof given to all undischarged creditors...... to make an order that the

estate and effects which such insolvent may afterwards acquire shall be exempted, for the term of seven years thereafter, from execution, for any debt contracted or cause of action existing previously to such assignment; ......." The affidavit contains no averment that defendant ever made an application under this section and, at most, it refers to exemption from execution and not from the obtaining of a judgment.

Upon consideration of the pleadings, we are of opinion that defendant's affidavit of defense is insufficient to prevent judgment against him.

The order discharging the rule for judgment for want of a sufficient affidavit of defense is reversed, the rule is reinstated, and the record is remitted with instructions to the court below to enter judgment against the defendant for such sum as to right and justice may belong, unless sufficient legal or equitable cause be shown to the said court why such judgment should not be entered.