326

FOSTER et al. v. FEDERAL RESERVE
BANK OF PHILADELPHIA et al.

No. 7293.

Circuit Court of Appeals, Third Circuit.

June 29, 1940.

JONES, Circuit Judge, dissenting.

———◆———

Frederick H. Spotts, of Philadelphia, Pa.,
for appellants.

George E. Gray, of Lehighton, Pa., and
Richard Hay Woolsey, of Philadelphia,
Pa., for appellees.

Before MARIS, CLARK, and JONES,
Circuit Judges.

MARIS, Circuit Judge.

On February 28, 1938, Vertex Hosiery
Mills, Inc., a depositor in the First National Bank of Lehighton, Pennsylvania,
drew a check upon that bank for $9,258.05
payable to the order of plaintiffs. Plaintiffs endorsed the check and deposited it
for collection in their account with their
local bank, which forwarded it through a
Richmond bank to the Federal Reserve
Bank of Philadelphia. On March 4, 1938,
the Federal Reserve Bank mailed the check
in question along with others, to the Lehighton Bank, which received them on
March 5, 1938, and on the same day by
a form of remittance letter instructed the
Federal Reserve Bank to charge its reserve account in the amount of the checks.
Upon receipt of the remittance letter on
March 7, 1938, the Federal Reserve Bank
made the charge against the Lehighton
Bank's reserve account and credited the
Richmond bank with the amount of the
check in question. On the same day the
Lehighton Bank discovered it had made remittance in violation of an order to stop
payment given it on March 4, 1938, by the
drawer of the check. The Lehighton Bank
thereupon caused the check to be protested
and notified the Federal Reserve Bank that
payment had been stopped and that the protested check was being returned. The
Federal Reserve Bank in turn charged the
account of the correspondent bank in Richmond. On the same day the drawer of the
check filed a petition under Section 77B of
the Bankruptcy Act, 11 U.S.C.A. § 207.
The Lehighton Bank demanded a return of
the money from the Federal Reserve Bank
and the plaintiffs brought suit in the District Court for the Eastern District of
Pennsylvania against the Federal Reserve
Bank for the amount collected. Considering itself a mere stakeholder the Federal
Reserve Bank paid the money into the registry of the court and interpleaded the Lehighton Bank. The action thereafter proceeded as though payment had erroneously
been made directly to the plaintiffs and the
Lehighton Bank had sued them to recover
on the ground that the payment was made
under a mistake of fact. The district court
entered judgment in favor of the Lehighton Bank. 29 F.Supp. 716.

The sole question upon appeal is whether the district court erred in concluding
that under the circumstances described
Pennsylvania law permits recovery of money paid under a mistake of fact. Under
some circumstances the Pennsylvania
courts have denied recovery of money paid
under mistake of fact.[1] On the other hand

---

[1] Rogers v. Huntingdon Bank, 12 Serg.
& Rawle, Pa., 77; Carson v. McFarland, 2 Rawle, Pa., 118, 19 Am.Dec. 627;
Taylor v. Commissioners, 3 Penrose &
Watts, Pa., 112; Espy v. Allison, 9
Watts, Pa., 462; Hinkle v. Eichelberg-

there are an equally impressive number of Pennsylvania authorities which have ruled that money paid because of a mistake of fact may be recovered.[2] The facts in Meredith v. Haines, 14 W. N. C., Pa., 364 (decided by the Pennsylvania Supreme Court in 1884), bear a close resemblance to those in the present case. In that case Meredith endorsed a negotiable note payable at the National Bank of Chester County and discounted it with his bankers, Haines & Co., which credited his account. The Chester County Bank paid the note upon presentment by Haines & Co., but upon the same day discovered that the maker had insufficient funds with which to meet the note. It immediately returned the note to Haines & Co., which refunded the money and charged Meredith's account. That day the maker of the note made an assignment for the benefit of creditors. Meredith drew a check upon his account in the amount of the note and brought suit therefor after Haines & Co. refused to honor the check. The court entered judgment for Haines & Co., upon the ground that since the note had not been paid by the maker, the 'endorser Meredith was liable to the holder, Haines & Co. The receipt of the money which Haines & Co. voluntarily returned to the Chester County Bank did not amount to payment, for the latter could have compelled its return. Mr. Justice Trunkey of the Supreme Court said:

"It is a general principle that if a man through some mistake, or misapprehension, or forgetfulness of facts, has received moneys to which he is not justly and legally entitled, and which he ought not in foro conscientia to retain, the law regards him as the receiver and holder of the money for the use of the lawful owner of it, and raises an implied promise from him to pay over the amount to such owner; and if money has been paid under forgetfulness or a mistake of facts, the person making the payment is entitled to recover back the money. (3 Addison on Contracts, §§ 1406, 1408; 2 Daniel on Negotiable Instruments, §§ 1226, 1243, 1369; McCrickart v. Pittsburgh, 7 Norris 133 [88 Pa. 133].) In the case before us the bank in paying the note in question did not intend to pay it with their own moneys; they supposed they were paying it with the moneys of the maker.

"We are of opinion the case comes fully within the principles referred to, and that the bank having made the payment under a clear mistake of fact, was entitled to recover back from the defendants the moneys thus mistakenly paid them, unless the rights of the receivers of the moneys or of the indorser of the note had been prejudiced by the mistake, so that it would be inequitable to require the moneys to be refunded. (3 Addison on Contracts, § 1409; 2 Daniel on Negotiable Instruments, § 1369; Tybout v. Thompson, et al., 2 Browne, [Pa.] 27.)"

Whatever may be our personal views as to the soundness of the reasoning and conclusions thus expressed[3] we are of the

---

er, 2 Pa. 483; Boas v. Updegrove, 5 Pa. 516, 47 Am.Dec. 425; Edgar v. Shields, 1 Grant Cas., Pa., 361; Krumbhaar v. Yewdall, 153 Pa. 476, 26 A. 219; Bryan v. First Nat. Bank, 205 Pa. 7, 54 A. 480; Monongahela National Bank v. First National Bank of California, Pennsylvania, 226 Pa. 270, 75 A. 359, 26 L. R.A.,N.S., 1098.

2 Durdon v. Gaskill, 2 Yeates, Pa., 268; Thomas v. Brady, 10 Pa. 164; Meredith v. Haines, 14 W.N.C., Pa., 364; Hoover v. Senseman, 2 Sadler, Pa., 487, 4 A. 730; Horton v. Harbridge, 127 Pa. 11, 17 A. 675; Clapp v. Pinegrove Tp., 138 Pa. 35, 20 A. 836, 12 L.R.A. 618; Cannell v. Smith, 142 Pa. 25, 21 A. 793, 12 L.R.A. 395; Reed v. Horn, 143 Pa. 323, 22 A. 877; Greenwich Bank v. Commercial Banking Corp., 85 Pa.Super. 159; Girard Trust Co. v. Harrington, 23 Pa. Super. 615; Kunkel v. Kunkel, 267 Pa. 163, 110 A. 73; Smith v. Capital Bank & Trust Co., 325 Pa. 369, 191 A. 124.

3 For a contrary view see: Restatement, Restitution § 33. "The holder of a check or other bill of exchange who, having paid value in good faith therefor, receives payment from the drawee without reason to know that the drawee is mistaken, is under no duty of restitution to him although the drawee pays because of a mistaken belief that he has sufficient funds of the drawer or that he is otherwise under a duty to pay." Comment: "The payee is entitled to retain the money which he has received as a bona fide purchaser. The typical cases are those where an employee of a bank pays the holder of a check in a mistaken belief that the drawer has sufficient funds on deposit to meet it or in forgetfulness of the fact that the drawer has directed that payment should not be made. The rule also applies where the bank mistakes the identity of the drawer."

See, also, Security Nat. Bank v. Old Nat. Bank, 8 Cir., 241 F. 1; Bradley Lumber Co. v. Bradley County Bank, 8 Cir., 206 F. 41; Riverside Bank v. First

opinion that this decision embodies the Pennsylvania rule on the subject of the right to recover money paid under a unilateral mistake of fact due to the negligence of the person making the mistake. The plaintiffs stress the fact that it was the custom of the Chester County Bank to correct mistakes within the same day and argue therefrom that the payment made by the Chester County Bank was a conditional·and not an absolute payment. They urge, consequently, that the rule laid down in Meredith v. Haines, must be restricted to cases where the mistaken payment is a conditional one and that the rule is inapplicable to the case of an absolute payment such as was. made in the present case. We do not find any justification for such a distinction in the language of the court in Meredith v. Haines. Nor is there anything in the facts of that case to show that the custom of the Chester County Bank was that of banks in general or that it was a custom which was binding upon or enforceable against the customers of the bank. We cannot find justification for a conclusion that the payment in that case was conditional rather than absolute or even if such should be the fact that the court considered it determinative of the right to the return of the payment.

Although the opportunity to reverse or restrict the ruling in Meredith v. Haines has frequently presented itself to the Pennsylvania appellate courts they have not expressly done so in the past.[4] The plaintiffs contend, however, that Meredith v. Haines no longer expresses the law of Pennsylvania and that Bryan v. First Nat. Bank, 205 Pa. 7, 54 A. 480, and Monongahela National Bank v. First National Bank of California, Pennsylvania, 226 Pa. 270, 75 A. 359, 26 L.R.A.,N.S., 1098, have overruled it by implication.

In Bryan v. First Nat. Bank, supra, the plaintiff, a depositor in the defendant bank, made a deposit consisting of two checks drawn on the bank by one McCann, another of its depositors, and an entry of the amount of the checks was made in his pass book by the bank. Part of the amount standing to the credit of McCann consisted of checks which were later returned marked "no funds". After their return McCann's account was insufficient to meet the two checks he had given the plaintiff. The bank thereupon returned the two checks to the plaintiff and struck out the entry in the plaintiff's pass book. The court ruled that the bank had no right to strike out the credit entry in the plaintiff's pass book without his consent. The issue was whether he had consented. There was no mistake of fact involved. The bank chose to extend credit to McCann upon the security of negotiable paper deposited in McCann's account. That the credit thus extended by the bank to McCann proved to be unjustified in no way justified placing the ultimate loss resulting from the bank's error of judgment upon the plaintiff. No reference was made by the parties or the court to the decision in Meredith v. Haines. The reason is obvious. In Meredith v. Haines the court was presented with a situation created by a mistake of fact; in Bryan v. First Nat. Bank the situation was created by the bank's misplaced business confidence. Though the courts may intervene in the case of a mistake of fact and place the parties in the same position they would have had if the mistake had not been made they may quite consistently refuse to intervene where the mistake is one of business judgment only.

In Monongahela National Bank v. First National Bank, supra, the plaintiff sent to the defendant for collection a cashier's check drawn upon the People's Bank. The check was presented and paid. On the same day the People's Bank discovered that the check had been fraudulently issued and made demand for a return of the money because it had been paid through mistake. The defendant returned the money to the People's Bank and returned the check to the plaintiff. The plaintiff brought suit not on the check, but to recover the amount the defendant had originally received from the People's Bank as the plaintiff's collecting

Nat. Bank, 2 Cir., 74 F. 276; National Bank of New Jersey v. Berrall, 70 N.J. L. 757, 58 A. 189, 66 L.R.A. 599, 103 Am.St.Rep. 821, 1 Ann.Cas. 630; Oddie v. Nat. City Bank of New York, 45 N.Y. 735, 6 Am.Rep. 160.

4 McKibben v. Doyle, 173 Pa. 579, 34 A. 455, 51 Am.St.Rep. 785; Wilson v. Pearl, 12 Pa.Super. 66; Girard Trust Co. v. Harrington, 23 Pa.Super. 615;

Dotterer v. Scott, 29 Pa.Super. 553; Bannister v. Spring Garden Mut. Fire Ins. Co., 50 Pa.Super. 45; Donner, Childs & Woods v. Sackett, 251 Pa. 524, 97 A. 89; Kunkel v. Kunkel, 267 Pa. 163, 110 A. 73; Bellevue R. S. & T. Co. v. M. R. C. C. & C. Co., 68 Pa.Super. 149; Greenwich Bank v. Commercial Banking Corp., 85 Pa.Super. 159; Brown v. Johnson, 107 Pa.Super. 138, 163 A. 365.

agent. The court refused to permit the defense that the cashier's check had been issued in fraud of the People's Bank, because an agent may not deny the title of his principal to the subject matter of the agency. In dictum, however, the court said that the defense of fraud would have been available to the People's Bank had it been the defendant. By reason of the interpleader the present suit is not one of a principal against its agent but has become a controversy between the two real parties in interest. In our opinion the dictum rather than the decision is applicable to the present case, and the defense that the money was paid by mistake of fact should be available to the Lehighton Bank just as the defense that the cashier's check was issued in fraud of the People's Bank was available to it, as the court suggested in its dictum.

We conclude that the Pennsylvania law does permit the recovery of money paid by mistake of fact even when it is paid to one entitled to receive it and that the district court did not err in entering judgment for the Lehighton Bank.

The judgment of the district court is affirmed.

JONES, Circuit Judge, dissents.