NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2606
_____

JOEL BURSTEIN; ELLI WEINSTEIN,

Appellants

v.

SUN LIFE ASSURANCE COMPANY OF CANADA U.S.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2-12-cv-02494)
District Judge:  Honorable Harvey Bartle, III

Submitted under Third Circuit LAR 34.1(a)
on January 14, 2014

Before:  RENDELL, ROTH and BARRY, Circuit Judges

(Filed: July 31, 2014)

O P I N I O N

**ROTH**, Circuit Judge:

Plaintiffs Joel Burstein and Elli Weinstein appeal the District Court's May 8,

2013, order granting summary judgment in favor of Sun Life Assurance Company of

Canada (U.S.).  For the reasons that follow, we will affirm.

## I. Background

Harold Burstein was the Insured under a Keystone Provident Life Insurance Company life insurance policy that he purchased in 1985 for a single premium of $10,000. Harold Burstein's children, plaintiffs Joel Burstein and Elli Weinstein, were beneficiaries of the policy. Sun Life acquired Keystone in 2001 and became responsible for the obligations under the policy.

The policy had three components: (1) a cash value; (2) a death benefit payable upon the death of the Insured; and (3) the ability to take loans based on the policy's cash value. Interest rates were set annually: a Declared Rate for unborrowed cash value, basic and excess rates for borrowed cash value, and a loan interest rate. These determined the rates of interest the Insured would earn on the unborrowed and borrowed cash value of the policy and the interest rate the Insured would pay if he took a loan. The policy provided that the Loan Interest Rate was 8% unless the Declared Rate for Unborrowed Cash Value was 4% or below. In that case, the Loan Interest Rate would decrease to being "equal or greater than the Declared Rate, but not more than 1.5% greater." Harold Burstein took a loan under the terms of the policy.

Under the policy, Sun Life had to send insureds an Anniversary Report detailing the Declared Interest Rate for unborrowed cash value for the year. Along with this report, Sun Life annually sent an updated page 5 of the Policy which stated the Guaranteed Death Benefit.[1]

---

[1] The Death Benefit Payable under the policy was to be the Guaranteed Death Benefit less any outstanding loans and interest. .

It is undisputed that the Anniversary Reports sent to Harold Burstein contained inaccurate values because of an error in the software program, PolicyLink, used by Keystone and Sun Life to calculate the interest rates. The September 13, 2010, Anniversary Report stated a gross death benefit of $54,681 and a loan balance of $45,646.44. These numbers were incorrect. Both the death benefit and the loan balance stated on the reports were erroneously high due to the software error.

Harold Burstein died on April 13, 2011. On June 10, 2011, Sun Life sent a letter to Weinstein explaining the inaccuracy in the reported gross death benefit and loan balance. Weinstein and Joel Burstein made a death benefit claim under the Policy in October 2011. In November and December 2011, Sun Life paid them a corrected, recalculated death benefit of $28,842.98. On February 7, 2012, Sun Life sent them a payment of $26,627.53, including interest, which refunded Harold Burstein's overpayment of the loan balance caused by the inaccurate Loan Interest Rate.

Weinstein and Joel Burstein brought this putative class action in the U.S. District Court for the Eastern District of Pennsylvania alleging a breach of contract claim; they contended that Sun Life should also have paid the death benefit of $54,681 stated in the September 2010 Anniversary Report. They also brought a claim under the Massachusetts Consumer Protection Act, Mass. Gen. Laws. Ann. ch. 93A, § 2. The District Court granted summary judgment in favor of Sun Life. We will affirm for the same substantive reasons.

II.     **Analysis**

The District Court had jurisdiction under 28 U.S.C. § 1332(d)(2).[2] We have jurisdiction under 28 U.S.C. § 1291. We review a grant of summary judgment de novo. *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 514 (3d Cir. 2012). Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The parties agree Pennsylvania law applies to the breach of contract claim. It is well-established that an insurer may recover payments made to an insured based on a mistake. *Foster v. Fed. Reserve Bank of Philadelphia*, 113 F.2d 326, 327 (3d Cir. 1940); *Van Riper v. Equitable Life Assur. Soc. of the United States*, 561 F. Supp. 26, 33 (E.D. Pa. 1982), *aff'd* 707 F.2d 1397 (3d Cir. 1983).

We agree with the District Court that if a party may recover money paid by mistake, it surely is not required to pay a mistaken amount if it discovers the mistake before payment is made. *See Burstein v. Sun Life Assur. Co. of Canada (U.S.)*, 2013 WL 1905143, at *4 (E.D. Pa. May 8, 2013). Here, there is no dispute that the values in the Anniversary Reports were mistakes. Sun Life was therefore permitted under Pennsylvania law to recover from, or not to pay, the plaintiffs. There is no dispute that plaintiffs have now been paid the correct amounts they were owed under the policy. We

---

[2] Joel Burstein is a citizen of Israel; Elli Weinstein is a citizen of Pennsylvania. Sun Life is a citizen of Delaware and Massachusetts.

4

agree with the District Court that plaintiffs are not entitled to a windfall based on Sun Life's mistake.

Plaintiffs argue that there is evidence showing that an employee of Keystone was aware of the error as early as 2002. They point out that a party generally may not obtain relief from the consequences of its error when there were available means to avoid the mistake if reasonable care had been exercised. *See First Fed. Sav. & Loan of Lancaster v. Swift*, 321 A.2d 895, 898 (Pa. 1974). The record shows, however, that while the employee in question was aware of the error in the PolicyLink software, he believed it had already been resolved by using a different software program to calculate the values in situations where the error in PolicyLink would occur.

Plaintiffs' other arguments are similarly unavailing. They argue that Sun Life's error was a mistake of law, not a mistake of fact. The mistake here was that software Sun Life used did not properly calculate interest rates in certain circumstances. This is obviously a mistake of fact and has nothing to do with laws or the legal effect of any actions. They also argue that Sun Life ratified certain policy values by accepting a loan repayment. It is clear, however, that Sun Life only did this due to the very error that caused incorrect loan balance and death benefit amounts in the first place. Sun Life's acceptance of an incorrect loan repayment does not constitute ratification of a similarly incorrect death benefit. Plaintiffs' argument that Sun Life assumed the risk of mistake is also inapt, as the authorities cited involve assuming the risk of a mistake made in contracting, not a mistake that occurs after the contract has been formed and performance

5

is ongoing or pending.  Neither side argues that there was any mistake made in the drafting of the contract, nor does either side seek to void it.

Plaintiffs' claim under the Massachusetts Consumer Protection Act also fails.  The Act provides a private cause of action for injuries caused by "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Mass. Gen. Laws. Ann. ch. 93A, § 2(a).  Sun Life argues that Massachusetts law does not apply in this case and that, even if it does, it did not act in bad faith or engage in an unfair or deceptive business practice.

Even assuming, *arguendo*, that Massachusetts law does apply, we agree with the District Court's conclusion that there is no violation of the Act here.  The Supreme Judicial Court of Massachusetts has held that "a good faith dispute as to whether money is owed, or performance of some kind is due, is not the stuff of which a c. 93A claim is made."  *Duclersaint v. Fed. Nat. Mtg. Ass'n*, 696 N.E.2d 536, 540 (Mass. 1998); *see also Mass. Emps. Ins. Exch. v. Propac-Mass, Inc.*, 648 N.E.2d 435, 438 (Mass. 1995).  The record shows that this was a good-faith dispute about money and performance due under a contract.  There is no evidence in the record of intentionally deceptive or bad faith acts undertaken by Sun Life.  There was no violation of the Act.

For the foregoing reasons, we will affirm the District Court's grant of summary judgment in favor of Sun Life.