BOYLSTON NATIONAL BANK *vs.* HENRY L. RICHARDSON & others.

A check on a bank, drawn in the usual form, payable to the bearer, was given by the drawer to a creditor under an agreement of the latter not to collect it immediately, and to give the drawer notice a day or two before wanting the money. A few days afterwards the notice was given, and the creditor replied that he had no funds in bank to meet the check. A little more than two years after the date of the check and of his agreement, the creditor, without repeating the notice, collected the check from the bank, the teller paying it without first ascertaining the state of the account of the drawer, whose balance on deposit was not sufficient to meet it, and had not varied materially for a month, nor been sufficient to meet it for three months. *Held*, that the check was not paid under any mistake of fact which would enable the bank to recover the amount of it from the creditor.

CONTRACT for money had and received to the plaintiffs' use. Trial in the superior court, without a jury, before *Putnam*, J., who gave judgment for the plaintiffs, and reported the case to this court as follows:

"The court found the following facts: On November 26, 1863 James Dennie borrowed $1000 of the defendants, and

gave them therefor a check" in the usual form, drawn by him-self on the plaintiffs' bank for that sum, dated November 25 1863, and payable to the bearer. "It was agreed between the parties at that time, that the check was not to be deposited im-mediately, but that the defendants should let Dennie know a day or two before they wanted the money. About ten days afterwards, the defendants notified Dennie that they should want the money on the next day, and should deposit the check; to which Dennie replied that there were no funds in the bank to meet it, but that he would see them again about it in a few days. No mention was made about the check by either party after that time, nor was any demand made on Dennie for the payment of it.

" On Saturday, December 30, 1865, the defendants, without the knowledge of Dennie, deposited the check in the ordinary way in the Atlas Bank, with which they did business, together with other checks and cash, amounting in all to the sum of $5530.74, and this amount was, on the same day, entered to their credit in their account as kept on the books of that bank; but, by a usage known to the defendants, they were not enti-tled to draw out the amount of the check until after one o'clock on the Monday following, and not then unless it was collected by the Atlas Bank of the Boylston Bank in settlement through the Clearing House.

" On Monday, January 1, 1866, the messenger of the Atlas Bank, in accordance with the usual course of business among Boston banks, and with the rules of the Clearing House Asso-ciation, of which both banks were members, took the check to 'he Clearing House for collection in the ordinary way, and there delivered it to the messenger of the Boylston Bank, who carried it to the bank and handed it to the paying teller, whose duty it was to receive it; which teller, supposing that Dennie had suffi-cient funds to meet it, passed it to the bookkeeper as good, and ie entered it on his books to the account of Dennie. All this was done in accordance with the usual course of business at the bank in such case. Dennie at that time had not in fact the funds to meet the check, which fact was overlooked or not no-

ticed by the teller. A copy of Dennie's account with the bank at that time was as follows :

| Dr. | BOYLSTON NATIONAL BANK IN ACC'T WITH JAMES DENNIE. | Cr. |
|---|---|---|
| Bal. Oct. 2, 1865 . . $122.28 | Oct. 23, 1865 . . . $881.45 | |
| " 23, " . 870 | Nov. 18, " . . 146.16 | |
| Nov. 17, " . . 500 | " 23, " . . . 25 | |
| Dec. 29, " . 125 | " 30, " . . 314.67 | |
| | Dec. 1, " . . . 31 | |
| Bal. overdrawn 796 | " 19, " . . 15 | |
| | Jan. 1, 1866 . . . 1000 | |
| $2413.28 | $2413.28 | |

" It is a usage among the Boston banks, and a rule of the Clearing House, that, if a check passed through that House to the bank on which it is drawn is not good, it shall be returned to the bank from which it came, on or before one o'clock of the same day, otherwise no claim can be made upon that bank for the amount of the check. No notice was given to the Atlas Bank in conformity with this rule; the fact of the overdraft not being discovered until after that hour. On the Wednesday following, the paying teller of the Boylston Bank, having discovered that the check was not good, took it to the defendants, told them it was not good, that Dennie had no funds at the bank to meet it at the time they received it, and demanded of them the return of the money, which they declined to pay. It is a custom of the banks not to pay checks unless the whole amount of the check is on deposit at the time it is presented.

" Upon the foregoing facts, I find that the money was paid by the plaintiffs by mistake, and that they are entitled to recover back the amount, with interest, and order judgment for the plaintiffs for that sum ; to which finding the defendants except."

*W. Gaston & G. Morrill,* for the plaintiffs, were first called upon.

*T. K. Lothrop & R. R. Bishop,* for the defendants, were stopped by the court.

WELLS, J. The plaintiffs and defendants were principals in the transaction out of which this suit arises. The agency of the Atlas Bank does not affect their relations, or their rights and obligations towards each other. The Clearing House regula-

tions do not preclude recovery. They may bear upon the ques tion of laches as a question of fact, but are not conclusive upon that question. *Merchants' National Bank* v. *National Eagle Bank, ante,* 281.

Money paid under mistake of fact may be recovered back, if there has been no laches, and the situation of the other party remains unchanged. What constitutes such a mistake of facts as will entitle a party to recover is a question of law. The court below found generally that "the money was paid by the plaintiff by mistake," and that the plaintiff was entitled to re-cover the whole amount of the check. The report does not indicate whether the mistake upon which judgment was ren-dered related to the character of the check, or to the condition of Dennie's account at the plaintiffs' bank. The finding of the court is therefore not conclusive of the facts, in either aspect, except so far as they are stated in the report.

1. As to the character of the check; in form it was adapted to the use that was made of it. It contained nothing to restrict its use in that mode. The parol agreement, giving it full effect according to the terms stated, does not appear to the court to restrict the check from its ordinary use as a check. It provided only that its use should be delayed, and that there should be notice to Dennie a day or two before they wanted the money; in both of which respects the agreement was complied with. Its deposit afterwards in no way contravened the agreement un-der which it was received. The Boylston Bank paid it right-fully, and Dennie cannot complain of its use by the defendants, or its payment by the plaintiffs. The payment may have been contrary to Dennie's intention, and in that sense a mistake ; but it was not a mistake of any fact which disentitled the defend-ants to receive the money in that mode.

2. The only mistake in regard to the state of Dennie's ac-count appears to be, that the amount on deposit was not suffi-cient. It does not appear that the plaintiffs' teller was misled in any way, or had any reason to suppose that the account was otherwise than it was. No considerable amount had recently been withdrawn. The amount to Dennie's credit had not been

reduced during the preceding month.   No expected credit had failed to be received.   It was simply that the teller saw fit to pay the check without taking the precaution to inform himself of the state of the account.   We see nothing in the transaction which bears the character of a mistake of facts, in a legal sense, but only that of laches.

If there are any facts, not stated in the report, which led the mind of the judge, who heard the case, to the conclusion at which he arrived, they will avail upon another hearing.   But upon this statement we think the judgment cannot be supported.

*Exceptions sustained.*