# Hungerford *v.* Moore.

*Action for Money Had and Received, on Common and Special Counts.*

1. *Estoppel en pais.*—When a person collects money for, or as the agent of another, he is estopped from denying the title of his principal, and can not, as against his principal, set up title in himself.
2. *When plaintiff may recover, in action for money had and received.*—In an action for money had and received, which each party claims as his own, the

[Hungerford v. Moore.]

plaintiff must show his superior right, and can not recover on proof of the defendant's want of right.

3. *Exception to charge; when sufficient.*—Where the bill of exceptions sets out a charge given by the court, and adds, "To which charge, as given by the court, the plaintiffs take a nonsuit, with leave to file a bill of exceptions, and they pray that this their bill of exceptions be signed," &c., this does not show an exception to the charge of the court.

4. *Offer of reward for unknown felon.*—The governor has no power, under the statute (Code, § 3976), to offer a reward for the "unknown persons" by whom a murder has been committed.

APPEAL from the Circuit Court of Perry.

Tried before the Hon. GEO. H. CRAIG.

This action was brought by Joseph C. Hungerford, Joseph Neal, Abe Rencher, Joseph B. Bush, and Robert H. Harper, against William D. Moore; and was commenced on the 11th November, 1878. The complaint contained the common count for money had and received, and also a special count, which alleged, in substance, that on the 4th November, 1876, Isaac D. Moore, then a citizen of said county, was murdered by persons unknown; that on the 18th November, 1876, while the murderers were still unknown and at large, Governor Houston, by virtue of the power and authority vested in him by law, issued his proclamation, offering a reward of $400 for the arrest and conviction of each one of the unknown murderers; that the plaintiffs afterwards arrested Albert Young, Silas Smith, Bob Jones, and Lucius Porter, who were the murderers, and caused them to be committed to jail; that said four persons were duly tried and convicted of the murder, at the Fall term, 1877, of the Circuit Court of said county; that the defendant, well knowing these facts, and knowing that the plaintiffs were entitled to the said reward, applied to Governor Houston for it, and procured its allowance and payment to them, amounting in all to $1,600; and that he had failed and refused to pay it over to them, though often requested.

The defendant demurred to this special count, assigning the following as causes of demurrer: 1st, because the count shows that the murderers were unknown when the governor offered his reward; 2d, because it shows that the said four persons named were not, nor was either one of them, charged with the commission of said murder when the reward was offered; 3d, because it does not show that said persons were, or that either of them was, when said proclamation was offered, "charged with said felony, and had absconded;" 4th, because it does not show that said persons, at that time, "were charged with said felony, had been arrested therefor, and had escaped from custody, either before or after conviction;" 5th, because it is not shown that, when said proclamation was issued, said

persons, or either or any of them, "were charged with said felony, and had absconded, or escaped from custody, either before or after conviction;" 6th, "because, under the facts stated in said count, the governor had no authority to issue said proclamation, and was not authorized to pay said sum of $1,600." The court sustained the demurrer; and the plaintiffs then, by leave of the court, filed an additional (or amended) count, in which they alleged, substantially, the same facts, with the further averment that the defendant, "without the knowledge or consent of plaintiffs, and well knowing that they were rightly and justly entitled to said reward, and by misrepresentation and fraudulent practices upon their rights," procured the payment of the money to himself, and has refused to pay it over on demand. To this count also the defendant demurred, assigning the same causes of demurrer as before, and these in addition: 7th, because said count does not show that plaintiffs, when they arrested said persons, knew that said proclamation had been issued offering said reward; 8th, because it does not aver or show that plaintiffs made said arrests with the intention or purpose of obtaining said reward; 9th, because it is not averred or shown that the plaintiffs were induced by the reward offered to make said arrests; 10th, because the governor alone was authorized to determine who was entitled to said reward, and had determined that defendant was entitled to it. The court sustained the demurrer to this count; and the defendant then pleaded the general issue, with leave to give any special matter in evidence; on which plea issue was joined.

On the trial, as appears from the bill of exceptions, the plaintiffs offered in evidence the proclamation of Governor Houston, "and then introduced evidence tending to show that they arrested the four murderers, who were then residing on plantations in the immediate vicinity of the residence of said Isaac D. Moore, and who were duly convicted and executed for the murder; that they made application for the reward, and then learned, for the first time, that it had been paid to the defendant a few days before." On the part of the defendant, who was the brother of said Isaac D. Moore, "it was proved that he was very active in endeavoring to ferret out and ascertain who the murderers were, for the purpose of having them arrested and tried for said offense; that before said proclamation was issued, and afterwards, he incurred heavy liabilities, and expended large sums of money, in sending for and employing attorneys-at-law and detectives, to aid and assist him in finding out who had committed the murder, and to have said murderers arrested and tried; that

he made no concealment of the fact that he claimed the reward, and intended to make application for it"; and that the money was paid to him on his application, which was accompanied by the affidavits of the sheriff and ex-sheriff of the county as to his right to it. It was admitted that, when the governor's proclamation was issued, "the murderers were unknown, and no particular person or persons were then charged with said murder, by affidavit or otherwise, and no one had absconded by reason thereof." The court charged the jury, on the request of the defendant, "that if they believed, from the evidence, that on the 18th November, 1876, when the governor issued his said proclamation, the murderers of said Isaac D. Moore were unknown, and no particular person or persons were then charged, by affidavit or otherwise, with the commission of said murder; and that the person or persons, if any, who were then charged with said offense, had not absconded; then, the said proclamation was issued, and the said reward was paid, without authority of law, and they must find for the defendant." The bill of exceptions adds : " To which charge, as given by the court, the plaintiffs take a nonsuit, with leave to file a bill of exceptions ; and they pray that this, their bill of exceptions, be signed and sealed by the court, and made a part of the record, which is done accordingly in term time."

The judgment on the demurrers, and the charge of the court, are now assigned as error.

Bush & Pitts, with Powhatan Lockett (since deceased), for appellants.

Lawson & Moore, C. D. Hogue, and J. B. Shivers, contra.

STONE, J.—If it were shown that Moore received the money in controversy as the agent, and on the claim and right of Hungerford and his associates, we would hold him estopped from denying the title of his principals. Receiving the money as theirs, he could not renounce their right to it. But that is not this case. Both plaintiffs and defendant, it seems, claimed the money in their own several rights. The theory of the suit is, that defendant received the money, when, ex æquo et bono, it belonged to the plaintiffs. In such case, the burden is on the plaintiffs, to show they are legally entitled to the money, and it is not enough to show that defendant has no right to it. If neither party is entitled to the money, neither can recover from the other.

In the present case, our inquiries, by agreement of counsel, are narrowed to two questions : the authority of the governor, on the facts shown, to offer a reward ; and the correct-

[Town of Camden v. Bloch.]

ness of the charge of the court. The last of these questions is not raised by the record before us. It is not shown that any exception was reserved to the charge of the court.— *Thrash v. Bennett*, 57 Ala. 156; *Reeves v. Linam, Ib.* 564.

Had the governor authority to offer a reward, on the facts of this case? The proof fails to show a state of facts variant from that recited in the proclamation, which is in the following language: " *Whereas,* authentic information has reached this department that, on the night of the 4th inst., in the county of Perry, Isaac D. Moore was most brutally murdered by unknown parties: now, therefore, I, Geo. S. Houston, by virtue of the power and authority in me vested as governor of Alabama, do issue this my proclamation, offering a reward . . . for the arrest and conviction of each of the murderers of Isaac D. Moore." It will be observed that, in the recital part of this proclamation, no one is named as the murderer, or as being charged with the murder, or as absconding before arrest, or as having escaped from custody either before or after conviction. The statute does not authorize the offer of a reward, under the conditions shown alike in the proclamation, and in the facts of this case.— Code of 1876, § 3976. If it be thought the statute should cover and provide for such a case as this, the remedy is not with us.

The judgment is affirmed.