NATIONAL BANK OF NEW JERSEY, DEFENDANT IN ER-
ROR, v. JAMES BERRALL, PLAINTIFF IN ERROR.

Submitted March 21, 1904—Decided June 20, 1904.

1. The payee of a check drawn upon a bank in New Brunswick
   endorsed it generally, and deposited it to his account in a bank
   in Washington; the Washington bank forwarded it to the New
   Brunswick bank for collection; the latter bank paid it, by mis-
   take, as alleged. *Held,* that there was no privity between the
   New Brunswick bank and the payee of the check to support an
   action by the former against the latter to recover the amount of
   the check as for money paid by mistake.
2. The holder of a check has no contract with the bank on which it
   is drawn, and no legal right to exact its payment. *Creveling* v.
   *Bloomsbury National Bank,* 17 *Vroom* 255, approved.
3. Where a bank receives in the ordinary course of business a check
   drawn upon it and presented by a *bona fide* holder who is with-
   out notice of the fact that payment thereof has been stopped,
   and the bank pays the amount of the check to such holder, it
   cannot afterwards recover back the money as paid by mistake,
   on the ground that payment of the check had been counter-
   manded by the drawer.
4. Where an agreed state of facts, adopted by the trial court as the
   basis of its findings and spread upon the record, includes all
   facts essential to the determination of the controversy between
   the parties, it will be treated as a special verdict, upon which
   the court of review will render the same judgment that the trial
   court ought to have rendered.

On error to the Supreme Court.

For the plaintiff in error, *Edwin B. Goodell.*

For the defendant in error, *Alan H. Strong.*

The opinion of the court was delivered by

PITNEY, J. This was an action to recover money alleged
to have been paid by mistake. It was tried by consent before
a justice of the Supreme Court without a jury, upon an agreed
state of facts, and resulted in a finding and judgment in favor

of the plaintiff. Exceptions having been taken to the conclusions of the trial justice in matters of law, the writ of error presents the question whether, upon the admitted facts, the plaintiff is entitled to judgment against the defendant. The essential facts are as follows:

One Kilpatrick delivered to defendant, Berrall, his check, drawn upon the plaintiff bank, payable to defendant's order. Plaintiff's banking-house is at New Brunswick, in this state. The check was forwarded to defendant, who resided in Washington, D. C., and was with reasonable diligence endorsed by him and deposited to his account in the Columbia National Bank of Washington, and by that bank immediately passed to his credit. The check was thereafter forwarded by the Columbia National Bank to the plaintiff's bank at New Brunswick for collection and was paid by the latter in the due course of business. Before the check was presented to the plaintiff for payment, however, Kilpatrick, the drawer, had instructed the plaintiff not to pay the check, and plaintiff's employe, who afterwards paid it, did so in ignorance or forgetfulness of this instruction. Subsequently the plaintiff communicated with the defendant by letter, stating that the check had been paid by mistake since payment thereof had been stopped by Kilpatrick; that in consequence the plaintiff had been compelled to make good the amount to Kilpatrick, return of which it thereupon demanded of defendant in exchange for the check. The demand was refused, whereupon this action was instituted.

In this situation there is, in our opinion, no right of recovery for two reasons:

*First.* For want of privity between the parties to the action. It will be observed that the suit is in nowise based upon the check as a commercial instrument. The paper was not protested, and the conditional liability of Berrall as endorser, to pay the amount to the holder in the event of dishonor of the check upon presentation, followed by notice to him, has never become fixed. Nor does the case present an instance of the attempt to follow money that is impressed with a trust into

the hands of a third party who has taken it with notice of the trust or without parting with value in exchange. The money, that Berrall received was the money of the Washington bank, placed by that bank to his credit upon the deposit of the check to his account. That transaction was in effect a sale of negotiable paper by Berrall to that bank. The money that the plaintiff bank afterwards paid for the same paper went to the Washington bank and not to Berrall. The two transactions were separate and distinct. Under such circumstances the right to recover money paid by mistake exists only as against the party to whom the payment in question was made. In this case the Washington bank was the recipient of the disputed payment, not Berrall.

If Berrall had deposited the check in the Washington bank for collection for his account, the action of that bank in forwarding it to New Brunswick for collection would have been stamped with agency in behalf of Berrall, and payment by the New Brunswick bank, now plaintiff, to the Washington bank, would have been payment to Berrall within the rules of privity. But Berrall did not deposit the check for collection. His endorsement was general and its purpose was unqualified, for the amount of the check was immediately passed to his credit by the Washington bank. That constituted that bank the owner of the check. *Hoffman v. First National Bank of Jersey City,* 17 *Vroom* 604. What that bank afterwards did in forwarding the check for collection was done for its own account, and the payment received by it from the plaintiff bank was received as principal and not as agent.

The authorities cited to the contrary are not in point. In 3 *Am. & Eng. Encycl. L. (2d ed.), tit. "Banks and Banking,"* the language (at *p.* 817) that "the fact that a depositor's account is credited with the amount of the items *taken for collection* does not of itself operate to transfer the title to the paper; for, by the custom of bankers, the collection is charged back at once if not made," is limited by the force of the words italicized. In *Appleton Bank* v. *McGilvray,* 4 *Gray* 518, the

payee of a note empowered an agent to collect it for him, and the payee was, of course, held liable as principal. *Merchants' Insurance Co.* v. *Abbott,* 131 *Mass.* 397, was a case where an insurance loss was paid to the assignee of the insured at his request, in discharge of his debt and on his fraudulent proof of loss. There the insured was, of course, held liable to refund.

*Secondly.* But even if the want of privity were no obstacle, in our opinion the case shows no ground for recovery, because the money was not paid by mistake within the meaning of the legal rule that permits a recovery. There was no legal obligation on the part of the plaintiff to pay the check, and this aside entirely from the fact that it had received notice to stop payment. We concur in the view expressed by the Supreme Court in *Creveling* v. *Bloomsbury National Bank,* 17 *Vroom* 255, that the holder of a check has no contract with the bank on which it is drawn and no legal right to exact payment. In this case, therefore, the check was voluntarily paid by the plaintiff to the Washington bank. Since the present controversy arose the rule of the Creveling case has been established in statutory form by the general act of 1902 relating to negotiable instruments. *Pamph. L.* 1902, *p.* 614, § 189.

As between the holder of a check and the bank upon which it is drawn, the latter is bound to know the state of the depositor's account. Before paying the check it must take into consideration whether it was drawn against funds and whether the order for payment, evidenced by the check, has subsequently been revoked. Therefore, where a bank receives in the ordinary course of business a check, drawn upon it and presented by a *bona fide* holder, who is without notice of any infirmity therein, and the bank pays the amount of the check to such holder, it finally exercises its option to pay or not to pay, and the transaction is closed as between the parties to the payment. *Boylston National Bank* v. *Richardson,* 101 *Mass.* 287; *Oddie* v. *National City Bank,* 45 *N. Y.* 735; 6 *Am. Rep.* 160; *National Bank* v. *Burkhardt,* 100 *U. S.* 686, 689;.

*Manufacturers' National Bank* v. *Swift,* 70 *Md.* 515; 17 *Atl. Rep.* 336; *Riverside Bank* v. *First National Bank,* 74 *Fed. Rep.* 276.     Other cases will be found cited in 22 *Am. & Eng. Encycl. L.* (2d ed.) 623.

Of the cases cited to the contrary only two require notice. *Merchants' National Bank* v. *National Eagle Bank,* 101 *Mass.* 281, seems to have turned upon the effect of the rules of a clearing-house association and was distinguished by the same court in the case of *Boylston National Bank* v. *Richardson,* 101 *Mass.* 287, decided at the same time and already cited.

In *Northampton National Bank* v. *Smith,* 169 *Mass.* 281, the only question presented was whether the action for recovery of the money could be maintained without first tendering the check to the defendant.     The court answered this question in the negative.     Whether after such tender the action could be maintained was not passed upon.

The rule that holds a bank bound to know the state of the depositor's account and to take cognizance of this and other transactions between it and the depositor before making payment of a check duly presented, has even been extended so far as to require the bank to pass upon the genuineness of the depositor's signature to the check, so that where it pays out money on a check upon which its depositor's name has been forged, to a *bona fide* holder for value, it has been held that the bank cannot recover back the money.     This topic is fully treated in 5 *Am. & Eng. Encycl. L.* (2d ed.), tit. *"Checks,"* 1071, where will be found an ample citation of authorities. See, also, 22 *Am. & Eng. Encycl. L.* (2d ed.), tit. *"Payment,"* 623.     The question of a forged check is, of course, not presented in this case; obviously, also, the case raises no question of the right of the drawer as between himself and the bank to countermand payment of a check after it has been passed to a *bona fide* holder.     See 5 *Am. & Eng. Encycl. L.* (2d. ed.), tit. *"Checks,"* 1079.

The judgment under review must be reversed.     And as the agreed state of facts, adopted by the trial judge as the basis of his findings and spread upon the record, includes all facts

essential to the determination of the controversy between the parties, it should be treated as a special verdict, upon which this court will render the same judgment that the trial court ought to have rendered. *Sullivan* v. *Visconti,* 39 *Vroom* 543, 551; affirmed, 40 *Id.* 452.

Therefore, let judgment final be entered in favor of the defendant, with costs.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY.   12.