# United States Cast Iron P. & F. Co. *v.* Bailey.

## *Injury to Servant.*

(Decided October 14, 1915. 69 South. 825.)

1. *Master and Servant; Benefit Fund; Insurance.*—A corporation other than an insurance company may do an insurance business as an incident to its general business, if not prohibited by the express terms of the incorporation, provided such insurance is for the protection of its property, plant, machinery or employees; hence, an action by an employee on an agreement whereby money was deducted from his wages, and in consideration thereof the employer was to pay him, in case of disability, a sum equal to one-half of his wages, as

insurance, a demurrer was properly sustained to a plea alleging that the contract of insurance was not within the powers of a manufacturing corporation not authorized to do an insurance business.

2. *Money Had and Received; Action; Elements.*—A plea to recover for money had and received, must show that the money came into defendant's possession, or show facts from which this in inferable, and that at the time of the suit, plaintiff was entitled to as much money as the verdict awarded to him.

3. *Master and Servant; Benefit Fund; Evidence.*—In an employee's action to recover a benefit fund where the evidence showed a rule or custom of the employer to deduct a certain sum from the pay of the employee with an undertaking on that consideration to pay half time in case of such employee's disability from injury, but it did not show how many employees were subject to this rule or custom, nor during what period of time it was in force, nor that there was a sufficient fund deducted and held by defendant to discharge the judgment recovered, there could not be a recovery on a count for money had and received.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by B. Bailey against the United States Cast Iron Pipe & Foundry Company, upon an agreement to pay a sum certain for personal injury during disability. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Transferred from the Court of Appeals under section 6, Act April 18, 1911 (Acts 1911, p. 450).

Counts 1 and 3 set up an agreement whereby 50 cents was deducted from plaintiff's wages each month while plaintiff was employed by defendant, in consideration of which defendant agreed, in case of personal injury received by plaintiff disabling him to engage in his duties, to pay plaintiff a sum of money as insurance equal to one-half of the wages plaintiff was making at the time of said injury, and to continue during the entire time of plaintiff's disability for work on account of said injury. It is alleged that the said 50 cents was regularly deducted, and that plaintiff has complied with the terms of his agreement, that on the 31st of March, 1913, while engaged in and about the duties of his employ-

ment, he received personal injury which disabled him from work from time to time and up to the time of this suit, to wit, September 10, 1913, and that defendant had had notice of such injury, and has refused and declined to pay such sum so agreed upon. Count 2 was on the common count for money had and received. Plea 2 was as follows: That the contract of insurance set forth in the allegations of the complaint is not a contract within the powers of defendant corporation, which was a manufacturing corporation, and not authorized to do an insurance business.

Written charge 3 refused to defendant is the affirmative charge as to the second count not to find for plaintiff under that count.

W. P. ACKER, and ESTES, JONES & WELCH, for appellant.

GOODWYN & ROSS, for appellee.

THOMAS, J.—The complaint as amended contained three counts. The pleas consisted of the general issue, and special plea No. 2 of ultra vires, to which demurrer was sustained.

(1) When the cause was submitted to the jury, count 1 was withdrawn, and the general charge was given for the defendant as to count 3. The remaining count, numbered 2, was for money had and received. The trial court correctly sustained plaintiff's demurrer to plea No. 2. A corporation, other than an insurance company, may do an insurance business, as an incident to its general business, if the insurance is not contrary to the express terms of incorporation, and provided such insurance is for the protection of its properties, materi-

als, works, machinery, plant, or employees used and engaged in the conduct of the corporate business.—*Sales-Davis Co. v. Henderson-Boyd Lumber Co.,* 193 Ala. 166, 69 South. 527.

(2) To maintain his action for money had and received, the plaintiff must show that the money came into the possession of the defendant, or show a state of facts from which this is inferable, and that at the time of the suit the plaintiff was entitled to as much of the moneys as the amount of the verdict of the jury.—*Calvert v. Marlow,* 6 Ala. 337; *Turner v. Stetts,* 28 Ala. 420; *Moody v. Walker,* 89 Ala. 619, 7 South. 246; *Lytle et al. v. Bowdon,* 107 Ala. 361, 18 South. 130; *St. Louis & T. R. P. Co. v. McPeters,* 124 Ala. 451, 27 South. 518; *Young et al. v. Garber,* 149 Ala. 196, 42 South. 867; 27 Cyc. 860, B.

(3) The evidence on the trial showed the prevalence of a rule or custom of the defendant corporation to deduct a certain sum, about 50 cents per month, from the employee's time, with the undertaking, in consideration therefor, to pay 'half time' to the employee, should he be injured in the defendant's employment, during his disability from the injury. But the evidence fails to show how many employees of the defendant were subject to this rule or custom; nor is it shown during what period of time the rule or custom was in force, or that there was a sufficient fund so deducted and held by the defendant to discharge the judgment recovered. The plaintiff therefore failed to show that the defendant had received, and was holding, money in sufficient amount to respond to the demand of the judgment, or to show a state of facts from which a reasonable inference might be drawn that the defendant had an amount of money in its possession from this particular fund with which

to discharge the judgment. For this failure of proof written refused charge No. 3 should have been given.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.