NAT'L LOAN & EXCHANGE BANK v. LACHOVITZ

(128 S. E., 10)

1. BANKS AND BANKING—BANK PAYING CHECK AFTER RECEIPT OF STOP PAYMENT NOTICE HELD ENTITLED TO RECOVER AMOUNT PAID.— Where check previously returned unpaid for want of sufficient funds was presented to drawee bank and paid through mistake, though bank had already received a stop payment order, bank was entitled to recover amount paid.

2. BANKS AND BANKING—BANK'S NEGLIGENCE, IF ANY, IN PAYING CHECK AFTER RECEIPT OF STOP PAYMENT NOTICE HELD NOT TO PRECLUDE ITS RECOVERY OF AMOUNT PAID.—Where bank after receipt of stop payment notice through mistake paid check, its negligence, if any, in making such payment, did not entitle payee to retain

payment, since it did not proximately or otherwise operate to his injury.

3. NEGLIGENCE—NEGLIGENCE MUST BE PROXIMATE CAUSE OF INJURY.— To recover for negligence, plaintiff must show that he was proximately injured thereby.

Before WHALEY, J., County Court, Richland, 1924.. Reversed.

Action by National Loan & Exchange Bank against Louis Lachovitz. Judgment for defendant, and plaintiff appeals.

*Mr. Wingate Waring,* for appellant, cites: *Right of drawer of check to stop payment:* Tiffany Banks & Banking 153; 7 C. J., 701, 702. *Right to recover money paid by mistake:* 2 Hill 577; 3 Rich., 366; 4 Rich., 385; 12 S. C., 571; 19 S. C., 578; 74 S. C., 182; 87 S. C., 309; 168 Pac., 1064; 140 Pac., 27; 55 N. Y., 213; 112 S. E., 669. *Right to recover money paid by mistake on check that has been stopped:* 169 Mass., 281; 61 A. S. R., 283; 66 L. R. A., 599. *Remarks of Judge showed bias:* 21 En. P. & Pr., 1001; 38 Cyc., 1321; 47 N. W., 671; Case similar to 91 S. C., 294.

*Messrs. Moorman & Moorman,* for respondent cite: *Bank cannot recover from payee where it paid check on which payment had been stopped:* 2 Bolles Banking 623; Brady on Bank Checks 263; 58 Atl. Rep., 189; 7 C. J., 682; 66 L. R. A., 599; 1 Ann. Cas. 630; 85 Mo., 173; 101 Mass., 287; 45 N. Y., 735; 100 U. S., 686; 14 A. S. R., 381; 74 Fed., 276; 27 L. R. A., 635.

May 12, 1925.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The cardinal facts in this case are, in brief:

The Ideal Theatre Company, Inc., drew its check on the National Loan & Exchange Bank of Columbia, for the sum of $88.94, payable to "cash," and delivered it to one M.

Kantoroff. Kantoroff carried it to the respondent, Louis Lachovitz, who cashed it, part in goods and part in money. Mr. Lachovitz deposited the check in The Carolina National Bank for collection. The check was returned unpaid, marked "N. S. F.," which means "not sufficient funds." A few days later Mr. Lachovitz sent his agent to the plaintiff bank with the check for collection. The teller, finding that there was there sufficient money to the credit of the Ideal Theatre Company, paid the check. Just after the agent of Mr. Lachovitz left the bank, and before he had gotten out of sight, the head bookkeeper went to the paying teller and told him not to pay the check, if presented, as he had received notice to stop the payment. The paying teller told him that he had just paid the check and pointed out the man to whom payment had been made. The head bookkeeper followed the man at once and offered to return the check, and demanded a return of the money. This was refused. Mr. Lachovitz kept the money and still has it.

This action was brought to recover the money, as paid by mistake. The answer set up two defenses, to wit: (1) Purchaser for value without notice; (2) negligence of the bank in making the payment. At the conclusion of the testimony the presiding Judge directed a verdict in favor of the defendant, and from the judgment thereon this appeal was taken. The judgment cannot be sustained.

I. As to the defense of purchaser for value: Mr. Lachovitz took the check charged with the knowledge that its payment was subject to two conditions; that there should be sufficient funds, and that there should not be a stop order. When it was first presented, there were not sufficient funds, and before it was paid the bank had received a stop notice. For neither of these things was the bank responsible. It had done nothing to indicate that the check was good, or would be paid.

II. As to negligence: It is fundamental and elemental that, in order to reap the benefit of negligence, the person pleading negligence must show that he

has been injured by the negligence, and that the negligence was the proximate cause of the injury. When the check was paid, the defendant had already parted with his goods and money. There was no injury to the defendant that arose from the negligence of the plaintiff (if any). The defendant had money he would not have had if the bank had not been negligent, if it was negligent. The negligence of the bank, even if it was negligent, was not the cause, proximate or otherwise, of the defendants loss.

The judgment appealed from is reversed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and MARION and MR. ACTING ASSOCIATE JUSTICE JAS. W. JOHNSON concur.