HARRIS MILLER, Respondent, *v.* CHATHAM AND PHENIX NATIONAL BANK OF THE CITY OF NEW YORK, Appellant, and ALLEN SCHWARTZ, Respondent.

Supreme Court, Appellate Term, First Department, February 11, 1926.

**Banks and banking — payee of cashed check entitled to retain proceeds notwithstanding issuance of stop-payment order — mistake in payment of said check chargeable to bank official and not plaintiff — maker of check brought in as party defendant by bank — error for court to fail to determine whether proof showed payment of check was made prior to stop-payment order.**

As between the payee of a check and the bank on which it is drawn, said payee, after the check has been cashed, is entitled to retain the proceeds thereof, although a stop-payment order was issued on the check, for any mistake in the payment of said check was a mistake of fact, chargeable to the bank official making the payment.

It was error for the court in the action herein to fail to determine whether the proof showed that payment of the check was made prior to the stop-payment order, particularly where the maker of the check was brought in as a party defendant on the application of the bank.

APPEAL by defendant from an order granting plaintiff's motion for judgment on the pleadings and dismissing the counterclaim of defendant, Chatham and Phenix National Bank, and from a judgment of the Municipal Court, Borough of Manhattan, First District.

*Kaye, McDavitt & Scholer,* for the appellant.

*Joel Kirschner,* for the respondent.

*Kaplan, Kosman & Streusand,* for respondent Allen Schwartz.

WAGNER, J.   The court below correctly held the defendant bank indebted to plaintiff for the sum of $200.   The bank official who paid the check had the opportunity to ascertain whether the check he cashed had, prior thereto, been " stopped " by the maker.   " It is the right of the bank to reject it [the check], or to refuse to pay it, or to receive it conditionally   *   *   *   but if it accepts such a check and pays it, either by delivering the currency, or giving the party credit for it, the transaction is closed between the bank and such party, provided the paper is genuine." (*Oddie* v. *National City Bank of New York,* 45 N. Y. 735, 741.)   No action for refund because of a mistake of fact will lie under the circumstances disclosed in the instant case.   The above cited rule is in accord with commercial practice and is essential to business stability.   The court below erred, however, in failing to dispose of the controversy

Appellate Term, First Department, February, 1926.    [Vol. 126

between the defendant bank and the defendant Schwartz, the latter having been made a party defendant upon motion of the bank. Schwartz is the maker of the check in question and the bank is entitled to charge his account with the amount paid if the evidence should establish that the payment of Schwartz's check was made prior to the receipt of the stoppage order.

LYDON, J. (dissenting). In this case my associates have concluded that the judgment on the pleadings granted in favor of the plaintiff against the defendant bank should be affirmed, but, as the court did not dispose of the issues between the two defendants, that a reversal should be had to the extent of remitting the case back to the court for a trial of the issues existing between the two defendants.

In my opinion all the issues between all the parties should be sent back to the trial court for disposition. I cannot agree with my associates that the case of *Oddie* v. *National City Bank of New York* (45 N. Y. 735) is an authority which will support the judgment in this case. A careful reading of the *Oddie* case shows clearly that there was an estoppel *in pais* in that case and that in the interval between the time the bank cashed the check and when it notified the plaintiff that the check was no good, the plaintiff had been injured by being deprived of the opportunity of retaining the check and of pursuing the maker, because in that interval the maker had become insolvent and had disappeared. The *Oddie* case has been distinguished a number of times by the Appellate Division in this department, in that the Appellate Division has pointed out that the wording of the opinion in the *Oddie* case must not be taken as a general proposition of law for all cases, but must be considered in connection with the estoppel which is the foundation of the decision. The general rule set forth in the *Oddie* case and quoted in the prevailing opinion distinctly says " provided the paper is genuine." The bank in its answer sets up the defense that the stop payment order was issued before the check was cashed, and there is nothing in the pleadings to show any change in position on the part of the plaintiff or anything to show he was prejudiced. The record contains affidavits which presumably were before the court in which it is stated that this check was given for work done in the matter of the alteration of a coat and that the defendant Schwartz, not being satisfied with the work, demanded the return of the check, which was refused, whereupon Schwartz told plaintiff he would stop payment on the check. The payee of the check, therefore, had knowledge of the fact that his agency had been revoked and with that knowledge his cashing of the

check was a fraud. (*Chrzanowska* v. *Corn Exchange Bank,* 173 App. Div. 285; affd., 225 N. Y. 728.)

The motion on which the judgment was entered was made at the beginning of the trial and before any evidence was taken. A similar motion had been made on affidavits prior to the trial before another judge of the same court and said motion was denied. No appeal was ever taken from the order denying the motion. Thus the determination of the first judge became the law of the case in so far as it affected the right of the plaintiff to a judgment on the pleadings and to strike out the defendant's counterclaim. The granting of the motion by the trial judge amounted to entertaining an appeal from an order of a judge of the same court and I am unable to find any provision in the law for such practice. An exception was duly taken by the defendant bank and I think the exception is good as the action of the trial court in my opinion constituted reversible error. Judgment ' and order should be reversed and the motion denied and the cause remanded for the trial.

Judgment affirmed, with twenty-five dollars costs, and case remitted for the trial of the controversy between the two defendants.

Plaintiff's judgment against the defendant bank affirmed, with twenty-five dollars costs and the controversy between the defendant bank and defendant Schwartz remitted to the court below for trial.