(131 So. 450)

## BANK OF MOULTON v. RANKIN.

### 8 Div. 980.

Court of Appeals of Alabama.

Oct. 7, 1930.

Rehearing Denied Nov. 11, 1930.

E. B. Downing, of Moulton, and Wm. L. Chenault, of Russellville, for appellant.

Tennis Tidwell, of Decatur, for appellee.

RICE, J.

The judgment entry recites, in substance, that all defendants, other than M. R. Rankin, and all counts of the complaint other than counts 6 and 7, were stricken out, on motion of the plaintiff. This action on the part of the plaintiff cured whatever error there was—and we think there was manifest error in sustaining the demurrers to those of the "stricken" counts, known as the "common counts"—in the action of the court in sustaining the demurrers to the counts of the complaint other than counts 6 and 7, above. Security Bank & Trust Co., etc., v. Laney, 214 Ala. 561, 108 So. 367. The suit was by appellant, as plaintiff, against appellee, as defendant, and, from the judgment of the lower court sustaining appellee's demurrers to its counts 6 and 7, and, it thereupon declining to plead further, rendering judgment ordering appellee to go hence, etc., it prosecutes this appeal.

Count 6, added by amendment, alleged that Cain, Wolcott & Rankin was undertaking, as agent of one Lile, to sell certain land for the said Lile to one Scruggs; that a verbal sale thereof was agreed on between Scruggs and the said agent, and that Scruggs issued to the agent his check in the sum of $350, payable to said agent, as part payment on said land, which was drawn on the plaintiff, who was engaged in a general banking business at Moulton, Ala.; that the trade fell through and was not consummated, and that Scruggs, on August 10, 1926, and before the check was presented for payment, put a stop order on the check and ordered plaintiff not to pay the check, and notified the agent, through M. R. Rankin, who was an officer and stockholder, of said stop order; that Rankin, in the name of the agent to whom the check was payable, indorsed the check in its and his own name, and deposited the check for collection in the Morgan County National Bank, and that on August 12, 1926, the check was presented to the plaintiff for payment, and the plaintiff, through error, oversight, and mistake of some of its agents and employees in overlooking said stop order, paid the check, and that Rankin received the proceeds thereof; that plaintiff thereafter tendered the check back to Rankin, and requested the said money to be returned to it, which request was refused by Rankin; that plaintiff had a written transfer and assignment from Scruggs of all of his interest in the check and the money paid thereunder.

Count 6 was demurred to on numerous grounds which present the points: (a) That the payment of the check was through the negligence (laches) of the plaintiff; (b) that the facts set up do not show any right in the plaintiff to recover of the defendant Rankin, the proceeds of the check; (c) that it is not shown that the defendant was responsible for

the payment of the check after plaintiff received the stop order; (d) that the money was not paid by mistake within the meaning of the legal rule which permits a recovery of money paid by mistake; (e) that there was no legal obligation on the part of the plaintiff to pay the check, and if it paid the check after the stop order, it could not recover the payment; (f) that the payment of the check was not induced by fraud or misrepresentation on the part of the defendant; (g) that there was no mistake in the payment of the check as between the defendant and the plaintiff; (h) that payment of the check under the facts alleged was voluntary on the part of the plaintiff; (i) that plaintiff's cause of action was against Lile, the seller of the land; (j) that for aught appearing the plaintiff paid to Scruggs the amount of money represented by the check; (k) that plaintiff's cause of action, if any, as assignee of Scruggs, was against the seller of the land and not against this defendant; (l) that plaintiff's cause of action if any as assignee of Scruggs was against Cain, Wolcott & Rankin, and not against the defendant Rankin; (m) that it is not averred that plaintiff charged Scruggs with the amount of the check; (n) that it is not denied but that plaintiff paid the check from its own funds and not from the funds Scruggs had on deposit; (o) that the count was duplicitous, in that it sought a recovery on account of the payment of the check after the stop order and also under an assignment from Scruggs.

Count 7 alleged that on and before August 9, 1926, plaintiff was engaged in a general banking business in Moulton, Ala.; that on said day one Scruggs had a checking account with the plaintiff, and that on that day he (Scruggs) issued his check for $350, in favor of Cain, Wolcott & Rankin, a corporation; that the defendant Rankin was the managing officer of said corporation and in charge of its business; that on August 10th and before the check was presented to plaintiff for payment Scruggs ordered plaintiff not to pay the check, of which the defendant Rankin was notified; that Rankin indorsed the check in the name of the payee and in his own name, individually, and placed the check for collection with the Morgan County National Bank, and that on August 12, 1926, the check was presented to plaintiff for payment, and through error and mistake and oversight of an agent and employee of the plaintiff in overlooking the stop order, the check was paid, and that Rankin received the proceeds thereof; that thereafter and before the commencement of the suit, the plaintiff tendered the check to the defendant and requested the return of the money, which was refused by the defendant.

The defendant adopted all of the grounds of the demurrer filed to count 6, and filed and addressed these grounds to count 7.

Scruggs was within his legal rights, as between himself and the plaintiff (appellant), when he revoked the payment, or put the stop order on the check, and the plaintiff (appellant) could not thereafter pay the check and charge it to the account of Scruggs. So, as between Scruggs and the plaintiff (appellant), the check, as a legal proposition, was not paid. People's Savings Bank & Trust Co. v. Lacy, reported in full in 40 So. 346, but merely as a memorandum opinion in 146 Ala. 688; National Commercial Bank v. Miller & Co., 77 Ala. 168, 54 Am. Rep. 50; Western Union Telegraph Co. v. Louissell, 11 Ala. App. 563, 66 So. 839. It follows that Scruggs had no right of action against the appellee (defendant) on account of the erroneous payment of the check, and he therefore had nothing to assign to the plaintiff (appellant), as on account of its payment through error, or oversight.

So far as count 6 is concerned, we are persuaded that the reference therein to the assignment from Scruggs to plaintiff (appellant) hardly operates to cause this count to be one claiming upon said assignment. But, if it is, that fact, and the fact that said count likewise claims as for the erroneous payment of said check, would, in our opinion, cause the same to be duplicitous, and appellee's (defendant's) grounds of demurrer 25, 26, and 27, hereinabove designated as point (o), were properly sustained to it.

Moreover, we are of the opinion, and hold, that the demurrers to count 6 were properly sustained, if it be conceded that the same undertook to state a cause of action by appellant against appellee, as the assignee of Scruggs.

The fact that the trade was not consummated did not give Scruggs a right of action unless Lile, or Cain, Wolcott & Rankin (originally joined as defendants), or this defendant, was wrongfully responsible for the failure. Count 6 is a special count for money had and received. On such a count plaintiff must show it is legally entitled to the money. Hungerford v. Moore, 65 Ala. 232; Steiner Bros. v. Clisby, 103 Ala. 181, 192, 15 So. 612; United States Cast Iron P. & F. Co. v. Bailey, 194 Ala. 261, 69 So. 825. And, where a plaintiff declares specially as for money had and received, he (it) must allege all facts which are essential to recovery. 41 C. J. 63.

Construing count 6, as we must, most strongly against the pleader, we hold it is insufficient to show a right of recovery in Scruggs, and, perforce in appellant, his assignee. For all we know from said count, Scruggs was wrongfully responsible for the failure of the trade (above referred to) to go through, or be consummated. We are not advised by same, as appellant contends, that the contract for the sale of the lands, men-

tioned, was void. It *may*, so far as said count shows, have been executed in accordance with Code 1923, § 8034, par. 5, and therefore valid and binding.

█ As for count 7, which claims simply as for the amount paid to appellee, by appellant through the error, mistake, or oversight, of some one of its employees or agents, on a check drawn on appellant by Scruggs in appellee's favor, or at least drawn and delivered to appellee, and to the proceeds of which he succeeded without fraud, but upon which check payment had been legally stopped, before its presentation for payment, the general rule seems to be that stated in 7 C. J. 682–683, which is as follows:

"Unless payment of the check was induced by fraud or misrepresentation on the part of the holder, such payment closes the transaction as between the bank and the holder of the check, and the bank is not entitled to recover back from the holder the amount paid in the absence of any agreement for re-payment, even though such amount was in excess of the sum standing to the credit of the drawer, or the drawer had stopped payment of the check."

The foregoing rule was in legal effect declared by the Supreme Court of this state in the case of Thompson v. Fourth Nat. Bank, 215 Ala. 476, 111 So. 29, 33, in this language:

"Certainty and security in commercial affairs suggest that completed transactions remain closed except for fraud or mistake of fact unmixed with laches."

"Laches" as used by the court in that case is the equivalent of or is synonymous with negligence. City Nat. Bank of Selma v. Burns, 68 Ala. 267, 44 Am. Rep. 138.

We do not agree with everything said in the opinion in the case of National Bank of New Jersey v. Berrall, 70 N. J. Law, 757, 58 A. 189, 190, 66 L. R. A. 599, 103 Am. St. Rep. 821, 1 Ann. Cas. 630. The facts in this case were that one Kilpatrick drew his check upon the plaintiff, payable to the order of the defendant. Plaintiff's banking house was at New Brunswick, N. J. The defendant indorsed the check, and deposited it in a bank in Washington, D. C., and this bank immediately forwarded the check to the plaintiff for collection, and the plaintiff paid the check. Before the check was presented to plaintiff for payment, Kilpatrick put a stop order on the payment of the check, and plaintiff's employee paid the check in ignorance or forgetfulness of this order. Subsequently the plaintiff demanded of the defendant that he return to it the amount paid on the check, which was refused, and the suit followed. On this statement of facts the court, among other things, said this, with which we do fully agree:

"As between the holder of a check and the bank upon which it is drawn, the latter is bound to know the state of the depositor's account. Before paying the check, it must take into consideration whether it was drawn against funds, and whether the order for payment evidenced by the check has subsequently been revoked."

The Berrall Case seems to be recognized as a leading case, and the holding in it, quoted by us, was impliedly, if not expressly approved by the Supreme Court of this state in the case of Thompson v. Fourth Nat. Bank, supra.

The only mistake in the transaction between appellant and appellee was made by the agents and employees of the appellant, who, through error, oversight, or mistake, overlooked the stop order and paid the check. There was no mistake mutually as between the defendant and the plaintiff; the defendant, through its agent the Morgan County National Bank, presented the check to plaintiff for payment, and the check was paid by plaintiff. In addition to the foregoing authorities, the case of the City Nat. Bank of Selma v. Burns, · supra, seems likewise conclusive against the sufficiency of this count 7. In that case the concluding part of the opinion is as follows:

"The only mistake in the transaction was that of the cashier, who saw fit, though he had at hand the means of informing himself, to pay the check without an examination of the accounts of the drawers. There was no mistake as between the holder of the check and the bank. The one demanded, and the other made payment. It may be, if the cashier had examined the state of the accounts ·of the drawer, the payment would not have been made. But he chose not to make the examination—he waived all inquiry. Laches are not mistakes, nor can they be confounded."

█ We conclude, therefore, that appellee's demurrers were properly sustained to count 7. Counts 6 and 7 being the only counts left in the complaint, and appellant declining to plead further, it was of course proper to render judgment final, in favor of appellee. McMahen v. Western Union Tel. Co., 209 Ala. 319, 96 So. 265.

Affirmed.

There being no error in the record, the judgment is affirmed.