## FOSTER et al. v. FEDERAL RESERVE BANK OF PHILADELPHIA et al.
### No. 20582.

District Court, E. D. Pennsylvania.
July 25, 1939.

Pepper, Bodine, Stokes & Schoch, by Frederick H. Spotts, of Philadelphia, Pa., for plaintiffs.

MacCoy, Brittain, Evans & Lewis, by Mark Willcox, Jr., of Philadelphia, Pa., for defendant Federal Reserve Bank.

Woolsey, Phillips & Phillips, by Richard Hay Woolsey and Charles F. Phillips, of Philadelphia, Pa., and Henry B. Friedman, of Allentown, Pa., for defendant First Nat. Bank of Lehighton.

KIRKPATRICK, District Judge.

Trial was to the Court without a Jury, and the evidence consisted entirely of two stipulations, which are adopted as the Court's separate findings of fact. The case presented is as follows:

Vertex Hosiery Company of Allentown, Pennsylvania, sent its check for $9,258.05 drawn upon the First National Bank of Lehighton, to Foster Hosiery Mills of North Carolina. Foster deposited it for collection only, with its local bank, which, through correspondents, sent it to the Federal Reserve Bank of Philadelphia. The Philadelphia Bank presented it to the Lehighton Bank, which paid the money to the Philadelphia Bank in negligent, but not intentional, disregard of a stop payment order which it had received from Vertex the day before.

The Philadelphia Bank, learning of the situation while it still had the money, declined to transmit it to its immediate correspondent or to Foster. Foster brought suit against the Philadelphia Bank, which, disclaiming any right to keep the money, paid it into Court and interpleaded the Lehighton Bank, which was demanding its return from the Philadelphia Bank.

The foregoing summary includes two conclusions of law which were the subject of controversy but about which there can be very little question: (1) Foster's endorsement constituted its local bank and subsequent correspondent banks, including the Philadelphia Bank, its agents for collection only. The Philadelphia Bank did not at any time become the owner of the check. Pennsylvania Bank Collection Act (7 P.S.Pa. §§ 213, 215). (2) The Lehighton Bank's remittance letter, followed by the action of the Philadelphia Bank in charging the reserve account of the Lehighton Bank, constituted unconditional payment of the check by the Lehighton Bank to the Philadelphia Bank, which received payment as collecting agent for Foster. This point seems to be settled beyond dispute by Hamburger Bros. & Co. v. Third National Bank, 333 Pa. 377, 5 A.2d 87.

Therefore, if the Lehighton Bank were not in the case, there would be no doubt that the Philadelphia Bank, the agent, would be bound to turn the money over to Foster, its principal, or to the intermediate agent bank. So far as concerns the rights of the Lehighton Bank, the situation is exactly the same as if it had paid the money to Foster, the payee of the check, and the important question is whether, having paid the check in disregard of a stop payment order, it may recover the money as having been paid under a mistake of fact.

Parenthetically, it is noted that the stipulations, by express exclusion, avoid the question of the Lehighton Bank's negligence in making the payment. I do not think that that question is material, but, if it has any bearing on the case, it follows as a necessary conclusion from the other facts stipulated that the Bank was negligent.

Another preliminary observation which may be made is that payment by a bank in disregard of a stop order can not be described accurately as a mistake of fact. The Lehighton Bank, regarded as an entity or person, had full knowledge of the order. (If there had been two depositors of the same name, and the Bank had assumed that the notice was given by the wrong one, there would have been a real mistake of fact.) What occurred was the employee who paid the check did not know what the employee who received the stop order knew. So far as the Bank was concerned, it would be more properly described as a blunder. However, "mistake of fact" is a term which, in the law, has acquired a very elastic meaning, and there is no doubt that many, if not most, of the decisions which deal with the point treat this type of error as a mistake of fact.

The majority of jurisdictions in which the question has arisen refuse to allow the bank which has paid out money over a stop order to recover from the payee. See National Bank of New Jersey v. Berrall, 70 N.J.L. 757, 58 A. 189, 66 L.R.A. 599, 103 Am.St.Rep. 821, 1 Ann.Cas. 630; Miller v. Chatham & Phoenix Nat. Bank, 126 Misc. 559, 214 N.Y.S. 76, following Oddie v. Nat. City Bank, 45 N.Y. 735, 6 Am.Rep. 160; Huffman v. Farmers' Nat. Bank, Tex.Civ. App., 10 S.W.2d 753; Bank of Moulton v. Rankin, 24 Ala.App. 110, 131 So. 450, following Thompson v. Fourth Nat. Bank, 215 Ala. 476, 111 So. 29. Contra: See Nat. Loan & Exchange Bank v. Lachovitz, 131 S.C. 430, 432, 128 S.E. 10, 39 A.L.R. 1237.

The Pennsylvania rule is binding upon this Court, and I think that the decision of the Supreme Court of Pennsylvania in Meredith v. Haines, 14 Wkly.Notes Cas. 364, clearly upholds the right of the Bank to recover. The more recent case of Greenwich Bank v. Commercial Corp., 85 Pa.Super. 159, though not quite so close upon the facts supports the rule. In general the trend of recent decisions by the Pennsylvania court has been very definitely in the direction of allowing an ever wider range of recovery in cases of inadvertent payments, whether the result of a genuine mistake of fact, a mistake of law, or pure negligence.

In Meredith v. Haines, supra, the fact situation was slightly different from that in the present case. These differences may be noted, but they do not affect the application of the rule there announced. In that case the instrument in question was a promissory note payable at bank, and the "mistake" was overlooking the fact that the maker did not have sufficient funds in bank to meet it. However, when a note is made payable at bank, the bank is the maker's agent to pay, just as it is when a check

is drawn upon it by a depositor, and paying out without noticing the true state of the depositor's account is no more or less a mistake than paying without noticing that a stop order has been lodged. Also, in the Meredith case, the note was presented, not by a collecting agent, but by a holder in due course. This fact, however, makes the case stronger if anything than the present one because, as such holder, Haines, who received payment from the bank, was clearly not receiving money to which he had no right in conscience and good faith, although the Court said that it was paid under a bona fide forgetfulness of facts, which "disentitled" the defendant (Haines) to receive it. It is a rather fine distinction, but what the Court undoubtedly meant was that Haines was not entitled to payment as and when made by the Bank because its agency to pay had been terminated, not that Haines, as holder of the note, was not entitled to be paid by someone, or that he had money which, in a broad sense, he had no right to.

There are two considerations which keep cropping up in the opinions as reasons for allowing the recovery which should be mentioned. In a great many cases the payee or person receiving the money had no conceivable right to it. An example of this was Greenwich Bank v. Commercial Corp., supra. There a check was returned for want of sufficient funds, a second check was given and funds deposited to meet it, but the defendant failed to withdraw the first check from collection and it was presented a second time and paid by mistake. Thus the payee was paid twice and his conduct in failing to withdraw the check and then keeping the money came pretty close to fraud. As has been pointed out, nothing like this situation appeared in Meredith v. Haines, supra, nor is there any evidence one way or the other in the present case as to whether Foster is in equity and good conscience entitled to the money, as between it and Vertex. Assuming, however, that it was so entitled, that fact merely distinguishes the present case from the Greenwich Bank case, but not from Meredith v. Haines, supra.

Another consideration often mentioned by the courts is that no harm is done to the payee by making him return the money to the bank. It is a little difficult to follow the reasoning of the court in that regard in Meredith v. Haines, supra, because the maker of the note, on the day the money

was returned, made an assignment for creditors; but nevertheless that was what the Court said. There is nothing in the stipulations suggesting any harm to Foster in returning the amount of this check to the Bank beyond the fact that it loses the status of one in possession of a disputed fund. This Court knows from its own records that Vertex is now in bankruptcy, but the same fact appeared in Meredith v. Haines, supra. What the Court must have meant in that case was that, as a result of the payment, the payee did not in any way change his position. In that sense the return of the money will not leave him any worse off than if he had never received it. Of course, where one by mistake or negligence has induced a change of position upon the part of another, conditions of equitable estoppel arise which alter the entire situation. It is sufficient to say that no such conditions are presented by the stipulations in this case.

 (3) The final conclusion of law is that the Lehighton Bank is entitled to recover the money from the Philadelphia Bank, and that Foster is not entitled to recover it.

Judgment accordingly.