The plaintiff bank sues to recover of the defendants $105 paid by it through error after a "Stop Payment Order." The facts are undisputed. It appears that the plaintiff bank operates a branch in Hamden; that the Pascale Manufacturing Company was, on November 15, 1946, a depositor at the branch and had funds on deposit to cover the sum involved; and that, on November 15, the Pascale Manufacturing Company drew its check for $105 payable to the Mutual Engineering Company (defendants' trade name), which check was delivered to the defendants, was duly indorsed and mailed to the Colonial Trust Company in Waterbury on November 16 for deposit to defendants' account, and was so credited. On November 21 this check was cleared through the Boston clearing house; it was presented to the Hamden branch on November 22 and honored. *Page 212 
It further appears that under date of November 19 the drawer served written notice on a form issued by the plaintiff bank to stop payment. this order was on file in the bank when the check was returned through the clearing house but by oversight and clerical error the check was paid. When the drawer received its monthly bank statement, the error was noted and the bank informed. Thereafter, the bank reimbursed the drawer's account.
It further appears that the Pascale Manufacturing Company had contracted with one Ierardi to construct a factory building; that steel window sash of a special size had been ordered from the defendants; that, about September 28, defendants gave notice that payment in advance would be required; that after some delay and negotiation the Pascale Company issued its check to cover the order but for reasons not disclosed in the evidence gave notice in writing to the defendants on November 20 that the order was cancelled. There was no notice to the defendants of the "Stop Payment Order"; furthermore, the check had already been deposited and was in the regular process of bank clearance.
During the latter part of December the plaintiff bank endeavored to contact defendants by telephone without success and finally, on January 10, 1947, wrote them asking that they either deliver the sash to the Pascale Company or pay the bank $105.
Defendants testified that the sash, of special size, were in fact manufactured and were on hand and available for delivery at the time of trial. It appears, however, that the Pascale order was cancelled on November 20, 1946. Under those circumstances, unless the Pascale Company agreed, compliance with the bank's request would have been an idle gesture.
The bank did not tender to the defendants a return of the check. See Northampton National Bank v. Smith,169 Mass. 281, 61 Am. St. Rep. 283, note 39 A. L. R. 1240.
In 5 Michie, Banks Banking, p. 360, the broad statement is made that "A bank voluntarily paying a check after notice of its countermand cannot recover from anyone." This declaration does not appear fully supported by the few decided cases on the subject. See National Loan Exchange Bank v. Lachovitz,131 S.C. 432, 39 A. L. R. 1237. The better rule seems to be stated in 9 C. J. S. 724, § 354c: "Generally a drawee bank *Page 213 
cannot recover from the payee or holder for a voluntary payment of a check after notice of its revocation, it being considered, in such situation, that the bank does not pay by mistake but rather through its own negligence or laches. However, the bank may recover where the holder is not a purchaser for value without notice, or has suffered no loss as a proximate result of the bank's negligence, or where the holder has fraudulently induced the bank to pay."
In the case at bar it is undisputed that the written "Stop Payment Order" was in the bank's files and its bookkeepers had notice thereof. Through negligence the order was not complied with. Meanwhile, the undisputed evidence is that defendants made up the special size steel sash as ordered and had it on hand at the time of trial, and so far as appears it is not a stock or standard size and so readily marketable. This circumstance seems to satisfy the rule as stated in 9 C. J. S. 724 and conform also to such Connecticut cases relied upon by the plaintiff asNorthrop v. Graves, 19 Conn. 548; Thresher v. StoningtonSavings Bank, 68 Conn. 201; Mansfield v. Lynch, 59 Conn. 320,330; and other cases cited in the brief.
 Judgment may enter for the defendants with costs.